PER CURIAM.
The appellants, David J. Thomas and Isham Pope, were convicted after a non-jury trial, for violations of the State Beverage Laws. They have properly appealed from their judgments and sentences.
 They contend, on appeal, that the trial court erred in that they were arrested under a search warrant, based on an affidavit which was fatally defective in that it did not allege sufficient particular facts to justify the issuance of the warrant.
Assuming, arguendo, that the affidavit and search warrant were fatally defective, the record supports the finding that one of the arresting officers had personally observed sufficient facts to justify him in *696 making an arrest without a warrant and m making a search of the premises as an incident to such a lawful arrest. Pegueno v. State, Fla.1956, 85 So.2d 600.
The appellants next contend that the trial court erred in not requiring the State to furnish the name of a confidential informant. This question has been answered in State v. Hardy, Fla.App.1959, 114 So.2d 344, and Harrington v. State, Fla.App. 1959, 110 So.2d 495. The identity of the informant was in no way material to the issue involved herein. The arrest was based on the personal knowledge of one of the officers, and the defense was not misled or prejudiced when the trial judge refused to require the State to divulge the identity of the informant.
The judgments appealed from are
Affirmed.