DOWNEY, Judge.
Line appeals from a judgment of guilty of dealing in stolen property and a five year prison sentence, both entered pursuant to a negotiated plea of nolo contendere and a reservation of the right to question on appeal the denial of his motion to suppress.
The police obtained a warrant to search a Ford Van suspected of being stolen. The affidavit described what is referred to as a “Salvage Switch” operation whereby a thief is enabled to obtain a valid motor vehicle title certificate, registration, and license plate for a car that has been junked. The vehicle identification plate of the junker is then transferred to a stolen vehicle of similar make and model. The affidavit states that, as a result of that process, Line had been engaged in selling stolen motor vehicles in Pompano Beach, Florida, and various cities in Illinois. The affidavit further states that for approximately three weeks the Pompano Beach police had maintained almost constant surveillance of Line. They observed him operating a Ford Van, described in detail, between his home in Mar-gate and a business he operated in Fort Lauderdale. The affidavit goes on to state that the affiant contacted the Illinois Department of Motor Vehicles and received documentation that the Illinois license plate affixed to the Van was registered to a 1963 Ford two door vehicle. In addition, the Van had a “for sale” sign displayed in its window, which sign bore the telephone number listed for Line’s business in Fort Lauderdale. The affiant concluded that: Line had been identified as the seller of the listed stolen vehicles; Line and his son had been identified as being in possession of several described stolen motor vehicles; Line and his son had been seen frequently in possession of the described Ford Van; and, as a result, the affiant felt there was probable cause to believe that the described *1270 Ford Van might be bearing an altered vehicle identification number and might be a stolen vehicle.
Appellant’s two points on appeal attain the sufficiency of the affidavit for the search warrant. First, it is contended that the officer failed to adequately describe the premises (the Van) to be searched. Secondly, appellant contends the facts stated in the affidavit failed to constitute probable cause to support issuance of a search warrant.
No useful purpose would be served by setting forth the lengthy affidavit. Suffice to say that the Van was described in detail as to make, model, color, and license plate. In one place the year was improperly stated, but that was adequately explained in testimony at the suppression hearing, and we conclude the mistaken statement was of no consequence. Since the warrant was for a motor vehicle, we also hold the description of the location was adequate. In sum, the description of the vehicle was sufficient to point the searching officers unerringly to the vehicle in question. See, e. g., Seymore v. State, 110 So.2d 460 (Fla. 2d DCA 1959).
Line complains that much of the affidavit was hearsay and does not afford the reader an opportunity to determine the credibility of the statements by ascribing them to particular persons or sources.
On the question of hearsay, it is universally accepted that an affidavit supporting a search warrant may be based on hearsay information. See, e. g., State v. Wolff, 310 So.2d 729 (Fla.1975). Furthermore, the use of hearsay statements to support search warrants is subject to the standards of the probable cause test. Aguilar v. Texas, 378 U.S 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). We know, of course, that in determining whether an affidavit constitutes probable cause, the test is not whether the statements contained therein are admissible in evidence to prove guilt, but whether the statements would lead a reasonably prudent and cautious man to believe an offense has been committed. Su-iero v. State, 248 So.2d 219 (Fla. 4th DCA 1971). In other words, the standard for sufficiency of an affidavit is not admissibility, but reliability.
There is much hearsay contained in the affidavit in question. However, the trial judge found:
although a portion of the information relied upon in the Affidavits for Search Warrant is hearsay, there is good reason to believe the hearsay statements for the facts directly and personally covered by the police officers support and corroborate the hearsay statements and thereby cause the probable cause to be sufficient.
We agree with that finding. The affidavit states daily surveillance of Line by the police for three weeks, the continual operation of the Van by Line between his house and business, the affiant’s procurement of documentation from the Illinois Department of Motor Vehicles showing the license plate was not issued for this Van, and the “for sale” sign indicating Line was trying to sell the suspect Van. The trial court properly concluded that the affidavit supported the search warrant.
For the foregoing reasons we affirm the judgment and sentence appealed from.
AFFIRMED.
HURLEY, J., and SHARP, G. KENDALL, Associate Judge, concur.