419 So.2d 333 (1982)
STATE of Florida, Petitioner,
v.
James Leo DODD, Respondent.
No. 60634.
Supreme Court of Florida.
September 2, 1982.
*334 Jim Smith, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., Miami, for petitioner.
Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for respondent.
BOYD, Justice.
The State of Florida seeks review of a decision of the District Court of Appeal for the Third District of Florida, reported at 396 So.2d 1205.[1] The district court certified that its decision is in direct conflict with decisions of two other district courts of appeal, and it is on this basis that we accept jurisdiction. Art. V, § 3(b)(4), Fla. Const. The narrow question on which conflict exists is whether the exclusionary rule embodied in article I, section 12 of the Florida Constitution applies in probation revocation proceedings. In accordance with the constitutional language and the case of Grubbs v. State, 373 So.2d 905 (Fla. 1979), we hold that it does.
Respondent James Leo Dodd was on probation pursuant to previous convictions when the police decided to question him in connection with their investigation of a murder. He accompanied some officers to a police station and was interrogated. The interrogation ultimately produced a confession or inculpatory statement and Dodd was then arrested and formally charged with murder in the second degree. The arrest and accusation also led to the state's charging Dodd with violating the terms of his probation, and the state instituted proceedings to have the probation revoked.
In connection with the charge of murder, Dodd's defense attorney moved to have the confession excluded from evidence on the ground that it was the product of an illegal arrest. The court scheduled a hearing on the motion to suppress, and also scheduled a hearing on the revocation of probation. The revocation proceeding was held immediately following the hearing on the motion to suppress.
The trial court held that respondent's statement could not be used against him at trial on the charge of murder because it was the product of illegal detention. Dodd's person, the court ruled, was unreasonably seized in violation of the Fourth and Fourteenth Amendments to the United States Constitution.
The court then proceeded to consider the matter of revoking respondent's probation. Based on the evidence he had just excluded from the murder trial, the judge found that Dodd had violated his probation by committing murder, revoked his probationary status, and sentenced him to four consecutive five-year prison terms on the original charges.
The state appealed the order suppressing respondent's confession in the prosecution for murder. Dodd appealed the ruling that his illegally obtained confession could be used as evidence against him in the probation revocation hearing.
The district court first held that the trial court had erred in concluding that respondent's confession was obtained in violation of the Fourth Amendment. The district court said that there had been an inadequate evidentiary basis for the conclusion, and remanded for further proceedings on respondent's motion to suppress. This portion *335 of the district court's decision is not before us for review. The district court went on to say that the trial court had also erred in holding that the exclusionary rule does not apply in probation revocation proceedings. If indeed the confession was obtained by means that violated the constitutional principle against unreasonable seizures of persons, the court said, then the exclusionary rule would apply in probation revocation proceedings to the same extent as in a prosecution for the new, separate criminal offense. The state now seeks review of this ruling.
The district court grounded its ruling on this Court's decision in Grubbs v. State, 373 So.2d 905 (Fla. 1979). There, we noted that the federal circuit courts have fairly consistently taken the view that the Fourth Amendment exclusionary rule is not applicable in probation revocation proceedings. The Fourth Amendment exclusionary rule is a creature of judicial decisional policy. Broadly stated, its purpose is to deter illegal police conduct by denying the state the benefit of improperly obtained evidence. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); Wolf v. Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed.2d 1782 (1949); Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914).
We held in Grubbs, however, that article I, section 12 of the Florida Constitution contains an explicit exclusionary rule of constitutional stature. Article I, section 12 provides:
SECTION 12. Searches and seizures.  The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. Articles or information obtained in violation of this right shall not be admissible in evidence.
The exclusion from evidence of articles and information obtained in violation of article I, section 12 is constitutionally mandated rather than being a result of judicial policy.
As a consequence, in Florida for evidence derived from a search or seizure to be admissible in either probation revocation proceedings or a new criminal action, the evidence must be properly or reasonably obtained given the circumstances and the responsibilities of the probation supervisor or a law enforcement official who makes the search and seizure.
Grubbs v. State, 373 So.2d at 909. A person's status as a probationer may be taken into consideration in determining whether a search or seizure is unreasonable for constitutional purposes, but in Grubbs this Court unequivocally repudiated the notion that the article I, section 12 exclusionary rule may simply be ignored at a probation revocation hearing.[2]
Therefore, if indeed the evidence in question was obtained in violation of article I, section 12, Florida Constitution, by means of a search or seizure that was unreasonable under all the circumstances, then such evidence "shall not be admissible in evidence" regardless of the type or nature of the proceeding in which the evidence is offered. See Ray v. State, 387 So.2d 995 (Fla. 4th DCA 1980), cert. denied, 394 So.2d 1153 (Fla. 1981).
Subject to the qualifying remarks in the foregoing opinion and in the opinion in Grubbs v. State, we hold that the Florida constitutional exclusionary rule for evidence obtained by means of searches or seizures that are unreasonable under article I, section 12 is applicable in probation revocation proceedings.
*336 The decision of the district court of appeal is approved with directions that the case be remanded to the trial court for further proceedings in accordance with the district court's mandate.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON, SUNDBERG, McDONALD and EHRLICH, JJ., concur.
NOTES
[1] State v. Dodd, 396 So.2d 1205 (Fla. 3d DCA 1981).
[2] The opinion in Croteau v. State, 334 So.2d 577 (Fla. 1976), contains a statement to the effect that the exclusionary rule does not apply in revocation proceedings. It was unnecessary to decide that question there, however, so the statement may be regarded as dicta. The case did not deal with revocation, but with prosecution for a new offense. Moreover, the majority opinion did not mention article I, section 12, Florida Constitution.