423 So.2d 548 (1982)
STATE of Florida, Appellant,
v.
Bryon Paul HUNDLEY, Appellee.
No. 82-1400.
District Court of Appeal of Florida, Fourth District.
December 15, 1982.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellee.
PER CURIAM.
The State appeals the grant of a motion to suppress evidence and statements. We reverse. The facts are not disputed and the only evidence offered on the motion was the testimony of the police officer who stopped but did not arrest the defendant. Defendant was later charged with grand theft of a Quasar turntable. The issue was whether the police officer had a founded suspicion at the time he initially stopped and questioned defendant.
The police officer was on routine patrol at approximately 5:00 a.m. in a primarily residential neighborhood. It was still dark and the particular area had recently been experiencing an increasing number of burglaries during the night. The defendant was observed walking along the road carrying a large box, which was marked as a Quasar stereo turntable. The defendant approached the police officer's car and the officer asked him his name and why he was out at that hour. Defendant replied that he was returning from work and that he had bought the stereo turntable during the day at a Radio Shack store. During this contact, the police officer had a chance to see the defendant's face and thought he recognized him as an individual described in a recent BOLO on a person committing residential burglaries in the particular neighborhood between 12 midnight and 8:00 a.m. During the conversational exchange, defendant sat the stereo box on the hood of the police car and the police officer copied the serial number off the box. After this brief conversation, defendant continued on his way. He was subsequently charged with theft of the turntable, and on motion the circuit court suppressed the defendant's statements, the box, and the contents on the theory that the initial stop was not authorized. We disagree and reverse.
A founded suspicion was discussed at length in State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978), where the court stated at 1247 as follows:
A "founded suspicion" is a suspicion which has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in light of the officer's knowledge. "Mere" or "bare" suspicion, on the other hand, cannot support detention. Coleman v. State, 333 So.2d 503 (Fla. 4th DCA *549 1976). Mere suspicion is no better than random selection, sheer guess-work, or hunch, and has no objective justification. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and Thomas v. State, 250 So.2d 15 (Fla. 1st DCA 1971)... .
Merely driving around town in an out-of-state van, or walking along a street late at night, or looking or pointing at policemen, or pulling out of a parking lot when the police come into view, with nothing more, is insufficient to justify an individual's detention. Coladanto v. State, 348 So.2d 326 (Fla. 1977); Lower v. State, 348 So.2d 410 (Fla. 2d DCA 1977); Stanley v. State, 327 So.2d 243 (Fla. 2d DCA 1976); Vollmer v. State, 337 So.2d 1024 (Fla. 2d DCA 1976).
We think that the facts in this case are sufficient to satisfy the State v. Stevens test. There was specific information regarding burglaries in the area at the particular time when the defendant was found walking in the dark carrying a large box. In addition, we are impressed with minimal intrusion involved here. The police officer simply asked defendant his name and why he was so engaged. During this time the police officer observed and copied down a number off the box. No search was made and the delay was minimal. Under these circumstances, we conclude that the trial court erred in suppressing the evidence which was not seized until the defendant was later charged and arrested. The order granting suppression is thus reversed.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
BERANEK, HERSEY and WALDEN, JJ., concur.