434 So.2d 321 (1983)
STATE of Florida, Petitioner,
v.
John M. LAVAZZOLI, Respondent.
No. 61719.
Supreme Court of Florida.
July 7, 1983.
*322 Jim Smith, Atty. Gen., and Anthony C. Musto and Carolyn M. Snurkowski, Asst. Attys. Gen., Miami, for petitioner.
Bennett H. Brummer, Public Defender and Howard K. Blumberg, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for respondent.
EHRLICH, Justice.
The limited issue for our consideration is whether the amendment to article I, section 12, Florida Constitution, effective January 4, 1983, retroactively applies to this case. For the reasons expressed herein, we hold that it does not.
In March 1979 respondent pleaded guilty to a charge of aggravated battery and was placed on probation for a period of five years. In July 1980 he was charged with violating the terms of his probation. Respondent filed a motion to suppress, seeking to exclude certain items from the hearing on the probation violation charges. At the hearing, the trial court refused to consider the motion on the basis that the exclusionary rule did not apply to probation revocation proceedings. The hearing proceeded and the trial court found that respondent had violated probation. The court extended the original term of probation by one year and imposed a special condition of probation that respondent be incarcerated for a period of three years.
Respondent appealed. Lavazzoli v. State, 408 So.2d 583 (Fla. 3d DCA 1982). The Third District Court of Appeal concluded that the trial court erred in refusing to consider respondent's motion to suppress. That court additionally noted that one of the grounds for revocation was valid, independent of the motion to suppress issue. The court ordered that the cause be remanded for a hearing on the motion to suppress, but noted that the trial court was free, if it chose, to revoke respondent's probation even if it found that the motion to suppress should be granted. Lastly, the court held that the three year imprisonment constituted an improper condition of probation under the authority of Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1980). On rehearing, the district court certified its decision to this Court. We accepted jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution.
Subsequent to this Court's acceptance of jurisdiction, the people of the State of Florida approved an amendment to article I, section 12 of the Florida Constitution, effective January 4, 1983.[1] The amendment mandated conformity of the interpretation of article I, section 12's exclusionary rule with the United States Supreme Court's interpretation of the fourth amendment to the United States Constitution.
In March 1983, this Court ordered counsel for petitioner and respondent to file additional briefs on the applicability of the *323 amended article I, section 12 and the applicability of State v. Dodd, 419 So.2d 333 (Fla. 1982), to the instant case. Oral argument was then held in this cause.
State v. Dodd, decided by this Court prior to the article I, section 12 amendment, held that the exclusionary rule embodied in article I, section 12 did apply in probation revocation proceedings. Accordingly, were it not for the amendment to article I, section 12, there would be no question but that Dodd would control the instant case. The narrow question that confronts us is whether the amendment applies to this pending case.
It is a well-established rule of construction that in the absence of clear legislative expression to the contrary, a law is presumed to operate prospectively. Seddon v. Harpster, 403 So.2d 409 (Fla. 1981); Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla. 1977); Fleeman v. Case, 342 So.2d 815 (Fla. 1976); Foley v. Morris, 339 So.2d 215 (Fla. 1976). This rule applies with particular force to those instances where retrospective operation of the law would impair or destroy existing rights. Trustees of Tufts College v. Triple R. Ranch, Inc., 275 So.2d 521 (Fla. 1973); In re Seven Barrels of Wine, 79 Fla. 1, 83 So. 627 (1920). In accordance with the rule applicable to original acts, it is presumed that provisions added by an amendment affecting existing rights are intended to operate prospectively also. Seddon v. Harpster, 369 So.2d 662 (Fla. 2d DCA 1979), ctfd. question answered, approved, 403 So.2d 409 (Fla. 1981). Nowhere in either article I, section 12 as amended or in the statement placed on the November ballot[2] is there manifested any intent that the amendment be applied retroactively. Therefore, the amendment must be given prospective effect only.
Further, the amendment unquestionably alters a substantive right. While as a general rule it is true that disposition of a case on appeal is made in accordance with the law in effect at the time of the appellate court's decision rather than the law in effect at the time the judgment appealed was rendered. Hendeles v. Sanford Auto Auction, Inc., 364 So.2d 467 (Fla. 1978); Florida East Coast Ry. v. Rouse, 194 So.2d 260 (Fla. 1966), this rule is not applicable when a substantive right is altered. Prior to the amendment, the right of a citizen of the State of Florida to be free from unreasonable searches and seizures was guaranteed independently of the similar protection provided by the fourth amendment to the United States Constitution. Under article I, section 12 as it existed prior to the amendment, the courts of this state were free to provide its citizens with a higher standard of protection from governmental intrusion than that afforded by the federal constitution. See, e.g., State v. Dodd; Odom v. State, 403 So.2d 936 (Fla. 1981); State v. Sarmiento, 397 So.2d 643 (Fla. 1981); Sing v. Wainwright, 148 So.2d 19 (Fla. 1962); Gildrie v. State, 94 Fla. 134, 113 So. 704 (1927); Taylor v. State, 355 So.2d 180 (Fla. 3d DCA 1978). The reason, of course, was that our state exclusionary rule was specifically articulated in our constitution and hence part of organic law. On the other hand, the federal exclusionary rule was preeminently a rule of court and only procedural. As we noted in Dodd, the difference is that while our exclusionary rule is "constitutionally mandated," the federal rule is "a creature of judicial decisional policy." Dodd, 419 So.2d at 335. The new amendment, however, links Florida's exclusionary rule to the federal exclusionary rule, making it also nothing more than a creature of judicial decisional policy and removing the "independent protective force *324 of state law."[3] When faced with constitutional amendments not clearly expressing an intent to the contrary, this Court has repeatedly refused to construe the amendment to affect detrimentally the substantive rights of persons arising under the prior law. See Myers v. Hawkins, 362 So.2d 926 (Fla. 1978); State ex rel. Judicial Qualifications Commission v. Rose, 286 So.2d 562 (Fla. 1973); State ex rel. Reynolds v. Roan, 213 So.2d 425 (Fla. 1968). We will not do so in the limited circumstance of this case, either.
Our holding is that the amendment to article I, section 12 of the Florida Constitution, effective as of January 4, 1983, will not be retroactively applied to the case sub judice. Accordingly, on the authority of State v. Dodd, the Florida exclusionary rule is applicable to respondent's probation revocation proceeding. We approve the decision of the district court below.
It is so ordered.
ADKINS, BOYD, OVERTON, McDONALD and SHAW, JJ., concur.
ALDERMAN, C.J., dissents with an opinion.
ALDERMAN, Chief Justice, dissenting.
Article I, section 12, should be applied retroactively to the present case, thereby making the exclusionary rule inapplicable in Lavazzoli's probation revocation proceeding.
After having accepted jurisdiction in this case, but before article I, section 12, was amended, this Court decided in State v. Dodd, 419 So.2d 333 (Fla. 1982), that the explicit exclusionary rule embodied in article I, section 12 of the Florida Constitution (1968), applies in probation revocation proceedings. We premised our holding entirely on the express language of this former constitutional provision which said in pertinent part that "[a]rticles or information obtained in violation of this right shall not be admissible in evidence." This Court acknowledged that the federal circuit courts have fairly consistently taken the view that the fourth amendment exclusionary rule is not applicable in probation revocation proceedings. Contrasting the federal exclusionary rule with the Florida exclusionary rule, we noted that the fourth amendment exclusionary rule is a creature of judicial decisional policy while exclusion from evidence of articles and information obtained in violation of article I, section 12, is constitutionally mandated.
With the amendment of article I, section 12, the entire underlying premise for this Court's ruling in Dodd has been eliminated. As a result of this constitutional amendment, the exclusionary rule in Florida has become a question of judicial policy, that is the judicial policy of the Supreme Court of the United States. In pertinent part, article I, section 12, now provides:
Articles or information obtained in violation of this right shall not be admissible in evidence if such articles or information would be inadmissible under decisions of the United States Supreme Court construing the 4th Amendment to the United States Constitution. (Emphasis supplied.)
Since this Court's holding in State v. Dodd was entirely dependent on the express language of former article I, section 12, Dodd is no longer controlling precedent. We have consistently held that our decisions must be determined by the law as it exists at the time of an appeal. See e.g. Morgan v. State, 392 So.2d 1315 (Fla. 1981); Wheeler v. State, 344 So.2d 244 (Fla. 1977). The application of this rule in criminal cases is *325 obviously subject to the constitutional prohibition against ex post facto laws. Application of this new amendment would not amount to an ex post facto law since the amendment does not create a new offense, does not aggravate or increase the enormity of the crime for the commission of which the accused may be convicted, or does not require the infliction upon the accused of any greater or more severe punishment than prescribed by law at the time of commission of the offense. The change affects procedural rather than substantive rights. In Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), the United States Supreme Court said that even though it may work to the disadvantage of a defendant, a procedural change is not ex post facto. Under amended article I, section 12, formerly inadmissible evidence may now be admissible.
Accordingly, I would quash the Third District Court's decision.
NOTES
[1] I
DECLARATION OF RIGHTS
SECTION 12. Searches and seizures  The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. This right shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court. Articles or information obtained in violation of this right shall not be admissible in evidence if such articles or information would be inadmissible under decisions of the United States Supreme Court construing the 4th Amendment to the United States Constitution.
(new language is underlined).
[2] AMENDMENT
ARTICLE I, SECTION 12
SEARCHES AND SEIZURES.  Proposing an amendment to the State Constitution to provide that the right to be free from unreasonable searches and seizures shall be construed in conformity with the 4th Amendment to the United States Constitution and to provide that illegally seized articles or information are inadmissible if decisions of the United States Supreme Court make such evidence inadmissible.
J. of the House of Rep. (Eighth Special Session) at 4.
[3] courts cannot rest when they have afforded their citizens the full protection of the federal Constitution. State constitutions, too, are a font of individual liberties, their protections often extending beyond those required by the Supreme Court's interpretation of federal law. The legal revolution which has brought federal law to the fore must not be allowed to inhibit the independent protective force of state law  for without it, the full realization of our liberties cannot be guaranteed.
Brennan, State Constitutions & the Protection of Individual Rights, 90 Harv.L.Rev. 489, 491 (1977); See also Comment, The Exclusionary Rule: An Examination of the Case Law and the Present Posture of the Florida Supreme Court, 10 Fla.St.U.L.Rev. 369 (1982).