449 So.2d 890 (1984)
The STATE of Florida, Appellant,
v.
Theodore S. TAMER, Appellee.
No. 83-2829.
District Court of Appeal of Florida, Third District.
April 10, 1984.
Rehearing Denied May 30, 1984.
Jim Smith, Atty. Gen. and William P. Thomas, Asst. Atty. Gen., for appellant.
Fine, Jacobson, Block, Klein, Colan & Simon and Mitchell R. Bloomberg, Miami, for appellee.
Before SCHWARTZ, C.J., DANIEL S. PEARSON, J., and M. IGNATIUS LESTER, Associate Judge.
SCHWARTZ, Chief Judge.
We hold that (a) the search warrant issued for a designated vehicle in police custody was not rendered fatally defective merely because one of the seventeen digits of the car's vehicle identification number (VIN) was incorrectly stated and the warrant designated the number of a spurious license plate which had been placed over the authentic one but which had been removed by the time the warrant was executed; United States v. Strauss, 678 F.2d 886 (11th Cir.1982), cert. denied, 459 U.S. 911, 103 S.Ct. 218, 74 L.Ed.2d 173 (1982); United States v. Rytman, 475 F.2d 192 (5th Cir.1973); Carlton v. State, 449 So.2d 250 (Fla. 1984); Line v. State, 395 So.2d 1268 (Fla. 4th DCA 1981); and (b) the defendant's operation of his vehicle at 1:00 a.m., first very slowly at the rear of an office building with many physicians' offices which, as the apprehending officer had been informed that day, had been the subject of several arsons in the area; and then very quickly in an apparent attempt to evade the officer, provided ample "founded suspicion" to justify his stop and temporary detention. State v. Lawson, 446 So.2d 202 (Fla. 3d DCA 1984). The order under review, which was based on the trial judge's plainly erroneous rulings to the contrary, and which suppressed (a) the items seized from the vehicle under the warrant and (b) those discovered in a search of the defendant's person when he was arrested after a license check undertaken subsequent to the stop revealed that the car was stolen, is, in its entirety, therefore
Reversed.