463 So.2d 1236 (1985)
Theodore S. TAMER, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1887.
District Court of Appeal of Florida, Fourth District.
February 20, 1985.
*1237 Ronald A. Dion of Entin, Schwartz, Dion & Sclafani, North Miami Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
HURLEY, Judge.
Theodore Tamer was charged by affidavit of violation of probation with arson, burglary and possession of a stolen auto tag. The trial court found sufficient evidence of arson to warrant revocation of Tamer's probation and sentenced him to concurrent prison terms on the underlying criminal convictions. Tamer appeals, contending that illegally obtained evidence was erroneously admitted at his probation revocation hearing. We disagree, and accordingly, affirm the order revoking his probation.
As a preliminary issue, we must decide whether the exclusionary rule is applicable in probation revocation proceedings. In State v. Dodd, 419 So.2d 333 (Fla. 1982), our supreme court held that the exclusion from evidence of articles and information obtained in violation of Article I, Section 12 of the Florida Constitution is constitutionally mandated. Since then, Section 12 has been amended as follows (effective January 4, 1983):
ARTICLE I
DECLARATION OF RIGHTS
Section 12. Searches and seizures  The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. This right shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court. Articles or information obtained in violation of this right shall not be admissible in evidence if such articles or information *1238 would be inadmissible under decisions of the United States Supreme Court construing the 4th Amendment to the United States Constitution.
(new language is underlined)
The United States Supreme Court has indicated that whether the exclusionary rule should apply in a particular type of proceeding depends on whether the likely social benefits of excluding unlawfully seized evidence outweigh the likely costs, or more specifically, whether the likely incremental deterrent effect on police misconduct is great enough to justify the social costs attendant to the loss of probative evidence. See United States v. Janis, 428 U.S. 433, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976). Under that balancing approach, it has found the rule inapplicable in grand jury proceedings, see United States v. Calandra, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974), federal civil tax assessment proceedings, United States v. Janis, supra, and civil deportation proceedings. I.N.S. v. Lopez-Mendoza, 468 U.S. ___, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984). However, it has never passed on the question of whether evidence obtained in violation of the Fourth Amendment is admissible in probation revocation hearings.
Despite the absence of a Supreme Court ruling on the precise issue before us, the state urges us to hold that the exclusionary rule is not applicable in this context, in accordance with the majority view among federal appellate courts.[1] We decline to do so. Under the amended version of Article I, Section 12, we are required to construe an individual's right to be secure against unreasonable searches and seizures under the Florida Constitution "in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court." In the absence of a definitive ruling by that court, we believe that we are bound to construe the Florida Constitution consistently with opinions issued by the Florida Supreme Court. See Douglas v. Michel, 410 So.2d 936 (Fla. 5th DCA 1982). Thus, in this case, we hold under the authority of State v. Dodd supra, that the Florida exclusionary rule is applicable to Tamer's probation revocation proceeding. Although our Supreme Court recently issued an opinion suggesting that Dodd may no longer be viable under the amendment to section 12, see State v. Lavazzoli, 434 So.2d 321 (Fla. 1983), it has never expressly receded from Dodd Therefore, we must assume that the pronouncement in that case is still the law of this state. See Gilliam v. Stewart, 291 So.2d 593 (Fla. 1974); Hoffman v. Jones, 280 So.2d 431 (Fla. 1973); Fincher Motors, Inc. v. Northwestern Bank & Trust Co., 166 So.2d 717 (Fla. 3d DCA 1964).
However, in view of the United States Supreme Court's recent curtailment of the Fourth Amendment exclusionary rule and its unequivocal assertion that the rule is not constitutionally required, but rather is a judicial remedy designed to deter police misconduct, see United States v. Leon, ____ U.S. ___, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), together with its past observation that a probationer is not entitled to the full panoply of procedural rights guaranteed to a defendant in a criminal prosecution, see Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), we believe that the interpretation of Article I, Section 12 of the Florida Constitution set forth in Dodd should be reconsidered in light of the 1983 constitutional amendment, and therefore certify to the Florida Supreme Court the following question as being one of great public interest:
UNDER THE 1983 AMENDMENT TO ARTICLE I, SECTION 12 OF THE FLORIDA CONSTITUTION, DOES THE EXCLUSIONARY RULE APPLY *1239 IN PROBATION REVOCATION HEARINGS?
We thus find the exclusionary rule applicable in this case, but nevertheless affirm the trial court's denial of Mr. Tamer's motion to suppress because we believe that the initial stop of Tamer was founded upon a reasonable suspicion of criminal activity. At the motion hearing, Police Officer Dwight Snyder testified that he observed Tamer at 1:05 A.M. on May 14, 1983, driving a station wagon with an open tailgate through the parking lot of the Westland Executive Plaza in Hialeah. The Plaza, a medical building housing thirtyfive doctors' offices, was closed at the time.
Tamer drove out of the lot to another parking lot across the street. Officer Snyder, who was aware that there had been a recent rash of fires in doctors' offices in the area, followed Tamer in his marked patrol car. Upon observing the police vehicle, Tamer made a sharp U-turn with tires squealing and drove to a nearby restaurant where he parked the auto, closed the tailgate, and proceeded to walk toward the building. At that point, Officer Snyder detained Tamer and asked for his driver's license and registration. Tamer complied, and upon questioning explained that he was looking for an open restaurant.
Tamer was arrested after a records check of the vehicle showed that the vehicle tag had been reported stolen. After making the arrest, Officer Snyder was informed by police radio that a fire had been discovered at the Westland Executive Plaza. Tamer's auto was impounded and a search warrant obtained to search its contents.
On appeal, Tamer argues that various items of incriminating evidence taken from the car were improperly admitted at his probation revocation hearing because his initial detention was not founded upon probable cause or a reasonable suspicion of criminal activity, thus tainting his arrest and invalidating the search warrant pursuant to which the physical evidence was seized. We disagree.
Investigatory stops based on less than probable cause are justified where the detaining officer has a reasonable, articulable suspicion that the person has been, is, or is about to engage in criminal activity. See United States v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The right of law enforcement officers to stop and temporarily detain individuals under those circumstances has been codified in the Florida Stop and Frisk Law, section 901.151, Florida Statutes (1983). Under that statute, temporary detention is justified where the detaining officer has a "founded suspicion" of criminal activity, i.e., a belief having some factual foundation in the circumstances observed by the officer when those circumstances are interpreted in the light of the officer's knowledge. State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978).
In applying that standard, we have found sufficient justification for a temporary detention by a police officer who stopped and questioned a person walking along the road in the dark in an area which had been experiencing a rash of burglaries, where the person had been carrying a large box which was marked as a stereo turntable, State v. Hundley, 423 So.2d 548 (Fla. 4th DCA 1982), and by officers who observed a truck late on a Sunday night in the vicinity of a city supply and equipment yard, where the truck was overloaded in a disorderly manner with materials of the kind which had been stolen from the same yard on another weekend about a month earlier. State v. Stevens, supra.
In Stevens, the following factors were deemed relevant in determining whether the circumstances witnessed by an officer reasonably suggest a suspect's possible commission, existing or imminent, of a crime:
The time; the day of the week; the location; the physical appearance of the suspect; the behavior of the suspect; the appearance and manner of operation of any vehicle involved; anything incongruous or unusual in the situation as interpreted *1240 in the light of the officer's knowledge.
354 So.2d 1244 (Fla. 4th DCA 1978). Considering those factors in the context of this case, we conclude that the initial detention of Mr. Tamer was founded upon a reasonable, articulable suspicion of criminal activity, and therefore, affirm the denial of his motion to suppress.[2]See State v. Hundley, supra; State v. Stevens, supra; but see Freeman v. State, 433 So.2d 9 (Fla. 2d DCA 1983); Lower v. State, 348 So.2d 410 (Fla. 2d DCA 1977).
AFFIRMED.
DELL and WALDEN, JJ., concur.
NOTES
[1] See United States v. Frederickson, 581 F.2d 711 (8th Cir.1978); United States v. Winsett, 518 F.2d 51 (9th Cir.1975); United States v. Farmer, 512 F.2d 160 (6th Cir.), cert denied, 423 U.S. 987, 96 S.Ct. 397, 46 L.Ed.2d 305 (1975); United States v. Brown, 488 F.2d 94 (5th Cir.1973); United States v. Hill, 447 F.2d 817 (7th Cir.1971). In contrast, the exclusionary rule was held applicable in United States v. Workman, 585 F.2d 1205 (4th Cir.1978).
[2] We note that in collateral criminal proceedings, the state successfully appealed an order suppressing the evidence seized from Mr. Tamer's automobile. See State v. Tamer, 449 So.2d 890 (Fla. 3d DCA 1984). Thus, we are in any event compelled to affirm the denial of appellant's motion to suppress by principles of collateral estoppel. See Brown v. State, 397 So.2d 320 (Fla. 2d DCA 1981); see also Spencer v. State, 438 So.2d 864 (Fla. 1st DCA 1983).