469 So.2d 226 (1985)
Kevin Richard CROSS, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2688.
District Court of Appeal of Florida, Second District.
May 24, 1985.
James Marion Moorman, Public Defender, and Joel E. Grigsby, Assistant Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
The trial court placed defendant, Kevin Richard Cross, on probation for one year on July 28, 1983. The day before his probation was set to expire, the court issued a warrant charging him with violating the terms of his probation by committing grand theft of a firearm. The trial court revoked defendant's probation and sentenced him to six months in jail. Defendant contends that the firearm was illegally seized from his residence during a warrantless search. Thus, he argues that it and his subsequent statement to a law enforcement officer about the firearm were inadmissible *227 in evidence at his revocation hearing. We agree.
At the hearing it was disclosed that on March 24, 1984, Deputy Jimmie Carter of the Polk County Sheriff's Department investigated a report of a shooting. She interviewed the defendant and the victim, Cynthia Lanning, at the Heart of Florida Hospital in Haines City. They explained to the deputy that when defendant picked up a handgun at his residence, it accidentally discharged wounding Lanning. At that point Deputy Carter told defendant that she was going to his home to investigate the "crime scene." The deputy said that defendant seemed extremely upset but did not tell her that she could not do so.
Deputy Carter did not secure a warrant. Rather, she traveled directly to defendant's home. Entering the bedroom, she found a handgun on the bed and observed what appeared to be a bullet hole in the wall. She seized the gun, which appeared to her to have been fired recently. The sheriff's department retained the gun in its custody.
In April Susan Baker reported to the sheriff that a handgun was missing from her home in Polk County. While checking out her complaint, Sheriff's Investigator Whatley compared serial numbers and concluded that the firearm seized by Deputy Carter was Baker's handgun. Thereafter, Whatley contacted the defendant, who admitted having the gun in his home; however, he denied stealing it.
The trial court denied defendant's motion to suppress the handgun seized by Deputy Carter and the statement he made concerning it to Investigator Whatley. The trial judge concluded that while the defendant did not consent to have his residence searched, the warrantless search and seizure came within the emergency doctrine exception to the warrant requirement. We think the court erred.
Warrantless searches are per se unreasonable under the Fourth Amendment to the United States Constitution and Article I, section 12, of the Florida Constitution, subject to a few specifically established and well-delineated exceptions. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). One such exception is the emergency doctrine. This exception had its origin in the dictum in Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948), where the Supreme Court stated that exceptional circumstances could dispense with the need for a warrant.
This emergency or exigency rule first received recognition in Florida in Webster v. State, 201 So.2d 789 (Fla. 4th DCA 1967), and has been applied under various circumstances. See, e.g., Guin v. City of Riviera Beach, 388 So.2d 604 (Fla. 4th DCA 1980) (reasonable belief that a crime was in progress held sufficient to justify a warrantless entry); Grant v. State, 374 So.2d 630 (Fla. 3d DCA 1979) (officers responding to reported shooting held to have properly entered apartment where they discovered certain evidence); Long v. State, 310 So.2d 35 (Fla. 2d DCA 1975) (preservation of human life justified an emergency entry of a home and admissibility of contraband obtained).
To invoke the emergency rule to search a person's home, the exigencies of the situation must be so compelling as to make a warrantless search objectively reasonable. See Mincey v. Arizona, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978). Here, the information possessed by Deputy Carter indicated an accidental shooting. While she may have entertained some suspicions, there were no exigencies or emergency circumstances to justify a warrantless search of defendant's residence. Accordingly, we hold that the handgun seized by Deputy Carter and defendant's statement to Investigator Whatley were illegally obtained evidence.
Having concluded that defendant's probation was revoked on basis of illegally obtained evidence, we now turn to the question of whether such evidence was inadmissible in a probation revocation proceeding. This brings us to a discussion of the applicability of the exclusionary rule. This rule commands that illegally obtained *228 evidence be excluded from criminal proceedings.
In State v. Dodd, 419 So.2d 333 (Fla. 1982), the Florida Supreme Court held that the exclusionary rule applied to probation revocation proceedings. The court based its decision on Article I, section 12, of the Florida Constitution, which formerly prohibited any illegally obtained evidence from being admitted in court thereby giving constitutional status to the exclusionary rule. However, effective January 4, 1983, that section was amended. Now, protection against unreasonable searches and seizures under the Florida Constitution is construed in conformity with the Fourth Amendment to the United States Constitution as interpreted by the United States Supreme Court. As amended, our state constitution now provides that "articles or information obtained in violation of this right shall not be admissible in evidence if such articles or information would be inadmissible under decisions of the United States Supreme Court construing the 4th Amendment to the United States Constitution." Art. I, § 12, Fla. Const.
The United States Supreme Court has not directly held the exclusionary rule is inapplicable to probation revocation proceedings. It has, however, noted that a probationer is not entitled to the full panoply of procedural rights guaranteed a defendant who is prosecuted for a crime. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). See also Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). There is a division of opinion among the lower federal courts as to whether the exclusionary rule applies in probation revocation proceedings. See, e.g., Annot., 30 A.L.R.Fed. 824 (1976); N. Cohen and J. Gobert, The Law of Probation and Parole, § 9.13 (1983).
In recent rulings the Supreme Court has emphasized that the exclusionary rule is not constitutionally required and has tended to balance the social benefits of excluding evidence against the costs to society resulting from such exclusion. See, e.g., United States v. Leon, 468 U.S. 677, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); United States v. Janis, 428 U.S. 433, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976); United States v. Calandra, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). We think resolution of whether the exclusionary rule is applicable to probation revocation proceedings is a matter of great public importance which should be addressed by the Florida Supreme Court.[1]
Accordingly, we certify to the supreme court the following question:
WHETHER AMENDED ARTICLE I, SECTION 12, OF THE FLORIDA CONSTITUTION PROHIBITS ILLEGALLY OBTAINED ARTICLES AND INFORMATION FROM BEING ADMITTED IN EVIDENCE IN PROBATION REVOCATION PROCEEDINGS?[2]
Reversed and sentence vacated.
RYDER, C.J., and HALL, J., concur.
NOTES
[1] In Croteau v. State, 334 So.2d 577 (Fla. 1976), the court stated that the exclusionary rule does not apply in revocation proceedings; however, in State v. Dodd, the court, in footnote two, pointed out that it was unnecessary to decide that question in Croteau, and that the statement may be regarded as dicta, since the case dealt with prosecution of a new offense rather than revocation of probation.
[2] This issue has also been certified to the supreme court in Tamer v. State, 463 So.2d 1236 (Fla. 4th DCA 1985).