PER CURIAM.
The order under review which suppresses certain clothing of the defendant Theodore S. Tamer is affirmed based on the following briefly stated legal analysis.
First, our prior decision in State v. Tamer, 449 So.2d 890 (Fla. 3d DCA), pet. for review denied, 455 So.2d 1033 (Fla.1984) [Tamer I], did not, as the state urges, establish as law of the case that the seizure of the defendant’s clothing was reasonable within the meaning of the Fourth Amendment regardless of whether the search warrant employed to obtain the clothing was constitutionally invalid. The issue of the validity of the subject search warrant was never raised and was not before us in the prior appeal; accordingly, we passed no judgment thereon. We ruled only that the trial court was in error in granting a motion to suppress the clothing herein on the basis that the police stop of the defendant was unlawful — thereby tainting any and all evidence secured thereafter; we concluded that the police stop was valid and that *919 accordingly the evidence obtained subsequently was not tainted thereby. In Tamer I, we made no ruling that the “untainted” search warrant stated probable cause for the seizure of the clothing or that the seizure of the clothing was valid under a “search incident” exception irrespective of the validity of the search warrant, as neither of these issues was urged or involved in that appeal.
On remand, the trial court heard an entirely separate motion to suppress the subject clothing on the basis that the “untainted” search warrant utilized to seize the clothing herein (a) stated no probable cause for the seizure of same, and (b) contained facts which were false. The trial court had expressly reserved ruling on this motion at the time it granted the first motion to suppress from which the prior appeal was taken. Indeed, the state expressly conceded this entire issue when it told the trial court — quite correctly we think — in a pleading on remand following our reversal in Tamer I:
“1. The State and the Defendant have previously litigated the issues of the legality of the stop of the Defendant and the sufficiency of the search warrant for the Defendant’s car with respect to the description of the car. State v. Tamer, 449 So.2d 890 (Fla. 3d DCA 1984).
2. The issues remaining to be litigated are these: (a) whether there was probable cause for believing the existence of the grounds on which the warrants were issued, and (b) whether the affidavits for the warrants contained certain false statements which are necessary to the finding of probable cause.”
R. 27.
We reject the state’s belated effort to change its position on appeal as having no merit. See Ladner v. Plaza Del Prado Condominium Association, 423 So.2d 927, 929 (Fla. 3d DCA 1982), pet. for review denied, 434 So.2d 887 (Fla.1983); Boulevard National Bank of Miami v. Gulf American Land Corp., 212 So.2d 17, 21 (Fla. 3d DCA), cert. denied, 219 So.2d 706 (Fla.1968); Rubin v. Shapiro, 198 So.2d 854, 855 (Fla. 3d DCA), cert. denied, 204 So.2d 331 (Fla.1967).
Second, although the affidavit in support of the subject search warrant states ample probable cause to link the defendant to a prior arson, Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), there are no facts stated therein which indicate that the subject clothing constituted some evidence relevant to proving the aforesaid arson. Indeed, the affidavit makes no mention whatever of the subject clothing. This being so, no probable cause was stated in the affidavit for the seizure of this clothing, the search and seizure of the clothing was unreasonable, and the clothing was properly suppressed as being inadmissible in evidence. See United States v. Thompson, 612 F.2d 233 (6th Cir.1979); § 933.02(3), Fla.Stat. (1981). We find no merit in the balance of the state’s contentions on this appeal.
Affirmed.
HUBBART and BASKIN, JJ., concur.