NESBITT, Judge
(dissenting):
I must respectfully dissent. This court has previously determined that the items seized from the defendant, including his clothing, were properly seized incident to the lawful arrest of the defendant. In State v. Tamer, 449 So.2d 890 (Fla. 3d DCA), review denied, 455 So.2d 1033 (Fla.1984), we reversed the trial court’s previous attempt to suppress the clothing at issue here. This court held:
The order under review, which was based on the trial judge’s plainly erroneous rulings ... and which suppressed ... the items ... discovered in a search of the defendant’s person when he was arrested after a license check undertaken subsequent to the [valid] stop revealed that the car was stolen, is, in its entirety, ...
Reversed, [emphasis added]
449 So.2d at 890. Since this prior decision became the law of the case, the trial court should not have permitted any relitigation of the admissibility of the clothing evidence seized from the defendant following his *920 arrest. Any defect in the warrant issued is irrelevant where the search and seizure are valid as incident to the lawful arrest of the defendant. Thomas v. State, 184 So.2d 695 (Fla. 3d DCA 1966). See generally United States v. Edwards, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974). Accordingly, I would reverse the order under review.