PER CURIAM.
The order revoking the defendant Alejandro Mendiola’s probation is reversed and the cause is remanded to the trial court with directions to discharge the defendant Mendiola from the cause based on the following, briefly stated legal analysis.
First, we agree with the Fourth District Court of Appeal in Tamer v. State, 463 So.2d 1236 (Fla. 4th DCA 1985), that, in the absence of a controlling United States Supreme Court decision — of which there is none in this case — we must follow State v. Dodd, 419 So.2d 333 (Fla.1982), which holds that the search and seizure exclusionary rule of Article I, Section 12 of the Florida Constitution is applicable to probation revocation hearings. See also Cross v. State, 469 So.2d 226 (Fla. 2d DCA 1985). Second, the trial court found below that a quantity of cocaine seized by police from the defendant Mendiola was obtained in violation of Mendiola’s Fourth Amendment rights, but, then, erroneously refused to suppress the illegally seized evidence on the ground that the exclusionary rule of the Fourth Amendment and of Article I, Section 12 was inapplicable to probation revocation hearings. Third, the illegally seized evidence admitted below formed the sole basis for the probation revocation order under review.
We nonetheless join both the Second and Fourth District Courts of Appeal, Cross v. State, supra; Tamer v. State, supra, in certifying to the Supreme Court of Florida for further review, pursuant to Article V, Section 3(b)(5) of the Florida Constitution, the following question as being one of great public importance:
Under the 1983 Amendments to Article I, Section 12 of the Florida Constitution, does the exclusionary rule apply in probation revocation hearings?
Reversed and remanded.