487 So.2d 1056 (1986)
STATE of Florida, Petitioner,
v.
Kevin Richard CROSS, Respondent.
No. 67137.
Supreme Court of Florida.
May 1, 1986.
Jim Smith, Atty. Gen. and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for petitioner.
James Marion Moorman, Public Defender and Joel E. Grigsby, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for respondent.
PER CURIAM.
We have before us by petition for review Cross v. State, 469 So.2d 226 (Fla. 2d DCA 1985), wherein the district court certified a question of great public importance. We have jurisdiction under article V, section 3(b)(4), Florida Constitution.
The facts surrounding respondent Cross's revocation of probation are recounted in the district court's opinion. It is sufficient for the purpose of addressing the certified question to note that the district court reversed the trial court's order, finding erroneous its conclusion that the nonconsensual warrantless search of Cross's home came within the emergency doctrine exception to the warrant requirement. The district court, having concluded that Cross's probation was revoked based on illegally obtained evidence, then addressed the inadmissibility of such evidence in a probation revocation proceeding and certified the following question:
WHETHER AMENDED ARTICLE I, SECTION 12, OF THE FLORIDA CONSTITUTION PROHIBITS ILLEGALLY OBTAINED ARTICLES AND INFORMATION FROM BEING ADMITTED IN EVIDENCE IN PROBATION REVOCATION PROCEEDINGS?
Id. at 228.
We agree with the district court's conclusion that the evidence in this case was illegally seized. The state does not challenge this holding, but argues that amended article I, section 12, Florida Constitution, effective January 4, 1983, renders the exclusionary rule no longer applicable in probation revocation proceedings in Florida. *1057 Prior to the amendment, we held that the exclusionary rule did apply in probation revocation proceedings. State v. Dodd, 419 So.2d 333 (Fla. 1982); Grubbs v. State, 373 So.2d 905 (Fla. 1979). The amended section, with new language underlined, reads as follows:
SECTION 12. Searches and seizures.  The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. This right shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court. Articles or information obtained in violation of this right shall not be admissible in evidence if such articles or information would be inadmissible under decisions of the United States Supreme Court construing the 4th Amendment to the United States Constitution.

The state urges that the rationale of our previous cases, this Court's conclusion that the Florida constitutional proscription against unreasonable searches and seizures is more restrictive than its federal counterpart, no longer has any constitutional basis under the amendment. The state concedes that no United States Supreme Court decision specifically holds the exclusionary rule inapplicable to probation revocation proceedings. It points out, however, that a probationer in a probation revocation proceeding is not entitled to the full panoply of rights guaranteed to a defendant in a criminal proceeding. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The state argues that as the exclusionary rule is not constitutionally required, but rather is a judicial remedy designed to curtail police misconduct, e.g., United States v. Leon, 468 U.S. 897, 104 S.Ct. 3430, 82 L.Ed.2d 702 (1984), its remedy is adequately served by excluding illegally seized evidence from substantive criminal prosecutions, while permitting its use in probation revocation hearings. The state suggests that we should hold the exclusionary rule inapplicable in these latter proceedings in conformity with the majority of federal circuits. See United States v. Bazzano, 712 F.2d 826 (3d Cir.1983), cert. denied, 465 U.S. 1078, 104 S.Ct. 1439, 79 L.Ed.2d 760 (1984); United States v. Frederickson, 581 F.2d 711 (8th Cir.1978); United States v. Winsett, 518 F.2d 51 (9th Cir.1975); United States v. Farmer, 512 F.2d 160 (6th Cir.), cert. denied, 423 U.S. 987, 96 S.Ct. 397, 46 L.Ed.2d 305 (1975); United States v. Brown, 488 F.2d 94 (5th Cir.1973); but see United States v. Workman, 585 F.2d 1205 (4th Cir.1978). The state also contends that this Court implicitly recognized that under the amendment the exclusionary rule does not apply to probation revocation proceedings. State v. Lavazzoli, 434 So.2d 321 (Fla. 1983).
Regarding Lavazzoli, respondent correctly points out that it was decided on the narrow question of whether the amendment would apply to that pending case. Lavazzoli does not compel the result for which the state argues here.
Respondent argues that our holding in Dodd should control unless the amendment affirmatively negates Dodd, and that the amendment refers not to a majority of federal law, but rather only to United States Supreme Court decisions as controlling. Respondent cites Lavazzoli:
When faced with constitutional amendments not clearly expressing an intent to the contrary, this Court has repeatedly refused to construe the amendment to affect detrimentally the substantive rights of persons arising under the prior law.
Id. at 324.
The United States Supreme Court has not ruled on the issue presently before us. *1058 Therefore, it is not necessary to interpret the amendment to article I, section 12.
We approve the decision of the district court on the authority of Dodd which is still the controlling state law.
It is so ordered.
BOYD, C.J., and ADKINS, McDONALD, EHRLICH, SHAW and BARKETT, JJ., concur.
OVERTON, J., concurs specially with an opinion.
OVERTON, Justice, specially concurring.
I fully concur. In answering the certified question in this cause, it should be understood that this opinion has not changed the principle we established in Grubbs v. State, 373 So.2d 905 (Fla. 1979), that a probationer's constitutional rights are more limited than an ordinary citizen's. In Grubbs, in considering the reasonableness of a search of a probationer, this Court expressly held that the status of a probationer is different from that of an ordinary person; that a probationer is subject to certain restrictions on his living in open society; that, to protect the public, a probation supervisor must be allowed the necessary authority to supervise the probationer, including the search of a probationer's person or residence without warrant; and that such a search is a reasonable search under the state and federal constitutions.