PER CURIAM.
Appellant Theodore Tamer seeks the reversal of his conviction of two counts of *934 arson, on a theory of aiding and abetting.[1] He contends there was insufficient evidence to prove he either intended that arson be committed or took any action to assist another in the actual commission of the charged arson offenses. Consequently, he argues, the trial court erred in denying his motion for a judgment of acquittal as to the arson offenses. Appellant further contends that improper closing argument by the state deprived him of his right to a fair trial, and the trial court’s allowing the state to introduce “collateral crime” evidence without the establishment of a proper predicate therefor constituted reversible error.
Having carefully considered each of the points raised on appeal, we conclude that no reversible error has been demonstrated. The record discloses that the case was fully and fairly tried, the verdict is supported by the evidence, and the several rulings of the trial court challenged by appellant did not, on the record and under the law, constitute harmful error. See Heiney v. State, 447 So.2d 210, 212 (Fla.), cert, denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); Smith v. State, 424 So.2d 726, 731 (Fla. 1982), cert denied, 462 U.S. 1145,103 S.Ct. 3129, 77 L.Ed.2d 1379 (1983); Clark v. State, 363 So.2d 331, 335 (Fla.1978); Weeks v. State, 492 So.2d 719, 721 (Fla. 1st DCA 1986); Blair v. State, 481 So.2d 1279 (Fla. 3d DCA 1986); T.G.B. v. State, 405 So.2d 427 (Fla. 3d DCA 1981).
Therefore the judgment of conviction is affirmed.
Affirmed.

. This court previously reversed an order granting Tamer's motion to suppress certain physical evidence relative to the instant prosecution. State v. Tamer, 449 So.2d 890 (Fla. 3d DCA), review denied, 455 So.2d 1033 (Fla.1984). We subsequently affirmed an order of suppression entered by the trial court upon remand. State v. Tamer, 475 So.2d 918 (Fla. 3d DCA 1985), cert, denied, 488 So.2d 69 (Fla.1986).