PER CURIAM.
Sixteen-year-old Carl Tracy Brown, along with two other juveniles, acting on a plan to steal a car, pulled their automobile to the side of a road, with the hood raised, to give an appearance that the vehicle was disabled. They waved down the victim, eighteen-year-old Antonio Morales, who was driving his mother’s car, at one o’clock in the morning, and asked for help. Morales agreed to assist the boys. When he got out of his car he was suddenly shot several times. Brown and his companions drove off in Morales’s car as the young victim lay dying in the middle of the road. All three perpetrators were subsequently apprehended.
Carl Brown was convicted of first-degree murder, armed robbery and armed burglary.[1] He appeals claiming that his police station confession should have been suppressed because it was not voluntary. We *413 disagree and affirm the trial court’s denial of the pre-trial motion to suppress and the subsequent denial of motions for judgment of acquittal at trial.
In B.S. v. State, 548 So.2d 838 (Fla. 3d DCA 1989), heavily relied on by the defendant, we held that where police officers failed to tell a seventeen-year-old theft suspect, who was in a coercive situation, that she was not required to accompany them to the police station or that she had the right to refuse to go, “[s]uch a failure [was] decisive on the side of the conclusion that compliance with police authority — made without specific knowledge of the right to refuse — [was] not voluntary.”
The facts of this case are significantly different. Here, two detectives visited Brown’s home and were invited in by him. The officers said they wanted to talk and inquired whether his parents were home. He told them that his mother was there. The detectives told the mother that they were working on a homicide investigation and needed to speak to her son. As Mrs. Brown explained to the officers that she and the defendant were preparing to leave to visit the defendant’s father, who was hospitalized in intensive care, Brown interrupted, telling his mother “I know what it’s about. I’ll go with them.” There was no objection from the mother. The defendant willingly left home, sat in the back seat of the officers’ vehicle without restraint, was driven directly to the station and, after being given Miranda warnings, confessed to the crime.
B.S. differs in that no parent was present and the teenager was babysitting her younger brother. In this case, Carl’s mother was present when the police officers arrived. Further, when a detective telephoned from the police station to inform her that her son was an actual suspect in the murder case, after Brown had been away from home longer than expected, Mrs. Brown still expressed no interest in being present.
This case is more like State v. Dodd, 396 So.2d 1205 (Fla. 3d DCA 1981), approved, 419 So.2d 333 (Fla.1982), where the defendant had willingly, upon request, and without coercion or deception, gone to the police station in the company of the officers. We held there that “[s]uch a voluntary act does not constitute a fourth amendment seizure so as to taint any properly-secured confession which is given thereafter”, citing several United States Supreme Court decisions including Oregon v. Mathiason, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977).
There is no evidence in this record of a pre-confession seizure of the defendant, or that the defendant lacked the mental capacity or maturity to understand the nature of his actions.
Affirmed.

. The other two defendants were tried separately.