HOBSON, Acting Chief Judge.
Spears appeals an order withholding adjudication of guilt and placing him on probation for a period of two years for possession of marijuana, after pleading nolo contendere and specifically reserving the right to appeal the denial of his motion to suppress evidence.
After Spears had been charged with possession of marijuana, he filed a motion to suppress the evidence. At the hearing on his motion, Paul Westfall testified that around 3:30 in the morning he saw a man standing under the window of his next-door neighbor, Pam Sweeney. Westfall got a gun, asked his wife to call the police, and told the man to step out in the light. When he stepped out under the street light Westfall and his wife recognized him as being Mike Spears, a boy who lived two houses from them and worked at a Little General store down the street. Westfall instructed Spears to go on home or he would call the police, and Spears told him to call the police. Spears said that his reason for being there was that Pam had left a message for him to come by and wake her up when he got home. Westfall went back in the house and Spears waited outside about fifteen minutes for the police. When the police arrived Westfall told them that he knew Spears. He testified he heard one of the police officers say he knew Spears’ father.
Police Officer Keith testified that when he arrived he asked Spears for identification and Spears produced his I.D. card. Spears told Keith that he lived in the area and worked for the Little General store. When the officer asked Spears his reason for being in the neighborhood, he replied that he had been to his girlfriend’s house next door. The officer said he did not believe Spears’ story about the girl friend and thought it was suspicious at that time *806 in the morning, so he placed Spears under arrest for night prowling. At this point, the officer advised Spears of his rights, placed handcuffs on him and searched him for possible weapons. He found a bag of marijuana in Spears’ left boot. The officer did not talk with Pam Sweeney until after he had placed Spears under arrest.
Pam Sweeney verified Spears’ story and testified that she had asked Spears to come by and wake her up if he got back from the beach late. She further stated that he had awakened her at her request four or five times prior to the night in question.
Under these circumstances, it does not appear that the officer complied with the provisions of § 8S6.021 F.S. before making the warrantless arrest under § 856.031 F.S. If he had not believed Spears’ story, he could have easily verified it by talking with Pam Sweeney before making the arrest and learned from her that Spears was lawfully on her property at her invitation. The officer failed to afford Spears an opportunity to dispel any alarm or immediate concern for the safety of persons or property in the vicinity. Spears did not take flight, refuse to identify himself or endeavor to conceal himself or any object. Nor did it appear that a delay in procuring a warrant would probably enable Spears to escape arrest for the misdemeanor which was not committed in the presence of the arresting officer.
Under the circumstances of this case, the arrest was unlawful, and therefore, the subsequent search and seizure was also unlawful. Gossett v. State, Fla.App.2d 1966, 188 So.2d 836. The motion to suppress the evidence seized during the search should have been granted.
The order appealed is reversed and the cause remanded for further proceedings, with directions that the trial court grant Spears’ motion to suppress.
Reversed and remanded with directions.
BOARDMAN and GRIMES, JJ., concur.