368 So.2d 71 (1979)
Ronald Eugene BOAL, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1721.
District Court of Appeal of Florida, Second District.
March 28, 1979.
Rehearing Denied May 1, 1979.
*72 Jack O. Johnson, Public Defender and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Ronald Eugene Boal appeals judgments and sentences for carrying a concealed firearm and for loitering. We affirm the conviction for carrying a concealed firearm, but we reverse the judgment and sentence on the loitering charge.
The facts underlying appellant's arrest on both charges are as follows:
On May 5, 1978 at about 2:00 a.m., Largo Police Officer Bennett was patrolling an area, the composition of which was described as "mixed business and residence." Officer Bennett observed appellant and another man walking along the street and stopped them to "check them out and see if they had business in that area," although the two men did not then appear to be breaking the law or endangering the public safety. Appellant advised the officer that his companion and he were seeking something to drink and that they were staying at the Chapperal Apartments about a mile and a half away. However, appellant could not recall the address of the Chapperal or their apartment number excusing his loss of memory as he had just come down to Florida from Pennsylvania. Bennett ran a computer check on the two men, found nothing and allowed the two individuals to continue their sojourn.
Because of recent burglaries in the area, however, Bennett alerted other officers working that section of town of the presence of the two individuals. Surveillance, the type of which is unknown, of the two men was then maintained. Later, Bennett again had contact with the men but now they were walking in a different area and direction. The officer stopped them again. They then advised Bennett they were looking for a Coke machine. Bennett decided to give them a ride back to their apartment to get them off the street and to verify their story. Since he had a K-9 dog in his car, Bennett called another officer and Patrolman Michael E. Coleman arrived to transport appellant and his companion to their apartment. Coleman advised appellant he was going to conduct a "patdown search" "for my safety" before allowing appellant inside his vehicle and appellant responded, "Okay." During the patdown, Coleman felt a bulge in appellant's right front pants pocket which felt like bullets. As he extracted a handful of bullets from appellant's pocket, Coleman also felt "a hard bulge in the area of the crotch," and he removed from appellant's person a .45 caliber pistol, which theretofore had been *73 concealed from view. Appellant was immediately arrested for carrying a concealed firearm. Later, he also was charged with loitering.
During a motion to suppress, appellant testified that he and his companion had been looking for a friend who lived in an apartment, and finding no one at home, the two men set out in search of a cup of coffee. When stopped by Officer Bennett, appellant stated that they asked him if he knew of a place where they could get a cup of coffee, and he informed them that everything was closed. Appellant further stated that after the officer left, the two men decided to forget trying to find any coffee and started back to the apartment. Unfamiliar with the area, according to appellant, they guessed at which route to take and later the same officer stopped them again. Responding to the officer's new inquiry, appellant testified he explained that their then destination was their apartment. At that juncture, appellant related that Officer Bennett told them to "hold off for a while" and he called Officer Coleman. Thereafter, the "patdown" occurred.
We conclude that there was sufficient basis for both stops of appellant. While the lateness of the hour alone cannot justify a stop, Vollmer v. State, 337 So.2d 1024 (Fla. 2d DCA 1976), we observe that there also had been recent burglaries in the area. The officer's decision, (reached after his second encounter with these same people), to take appellant and his companion back to the apartment in order to verify theirs story was appropriate. See Section 856.021(2), Florida Statutes (1977). Officer Coleman was clearly justified in conducting a patdown search to ensure his personal safety while transporting appellant and his companion. See Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977). We therefore uphold the denial of appellant's motion to suppress the evidence (the firearm) obtained in the course of the patdown.
We do not believe appellant's conduct was such as to support an arrest for loitering under Section 856.021, Florida Statutes (1977) and the cases interpreting the statute. See State v. Ecker, 311 So.2d 104 (Fla. 1975), cert. den.; Bell v. Florida, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975); Spears v. State, 302 So.2d 805 (Fla. 2d DCA 1974).
Accordingly, the judgment and sentence for carrying a concealed firearm are affirmed, but the judgment and sentence for loitering are reversed.
HOBSON, Acting C.J., and SCHEB, J., concur.