DANIEL S. PEARSON, Judge.
We affirm the adjudication of delinquency based on underlying charges of burglary and petit theft upon a holding that (1) when police officers on routine midday patrol observed the juvenile crouched down in a yard at the rear of a private residence and, as they approached closer and exited the patrol car, saw the juvenile walk away from the home and drop a glass piggy bank filled with coins, the officers had a legally well-founded concern for the safety of property in the vicinity so as to justify their stop of the juvenile, Section 856.021, Florida Statutes (1977); State v. Ecker, 311 So.2d 104 (Fla.1975); (2) that concern was not dispelled by the juvenile’s explanation of his presence and conduct, and the officers therefore had probable cause to effect the arrest of the juvenile on a charge of loitering and prowling; (3) the fact that the police formally arrested the juvenile for a different crime (burglary) upon their discovery within minutes of stopping the juvenile that the home next door to where they first saw the juvenile had been burglarized and the piggy bank stolen therefrom does not affect the validity of the juvenile’s detention, Thomas v. State, 395 So.2d 280 (Fla.3d DCA1981); (4) even if, arguendo, the juvenile’s explanation of his presence and conduct had been sufficient to dispel any concern or alarm, so as to make his detention unlawful, the evidence upon which the finding of guilt was rendered (that is, that the juvenile was seen in possession of and dropping a piggy bank which was taken that day from the burglarized home) was discovered by independent legal means and not through exploitation of any illegal detention of the juvenile and was thus admissible, see, e. g., United States v. Ceccolini, 435 U.S. 268, 98 S.Ct. 1054, 55 L.Ed.2d 268 (1978); Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939); Silverthorne Lumber Company v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920); and (5) even if, arguen-do, the juvenile’s admissions to the police were inadmissible as being the fruit of an illegal detention of him, see Wong Sun v. United States, supra, the error in admitting such admissions was harmless.
Affirmed.