449 So.2d 288 (1983)
Charles Albert LEVIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1681.
District Court of Appeal of Florida, Third District.
September 13, 1983.
Bennett H. Brummer, Public Defender and Bruce A. Rosenthal and Robert Schrank, Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and DANIEL S. PEARSON, JJ.
HUBBART, Judge.
The defendant Charles Albert Levin appeals his conviction and sentence for carrying a concealed firearm entered below after a plea of nolo contendere in which the denial of his pre-trial motion to suppress the firearm herein was specifically reserved for review. We reverse.
The evidence pertinent to the search and seizure issue herein reveals that the sole basis for the police temporarily detaining the defendant Levin under the stop and frisk statute [§ 901.151, Fla. Stat. (1981)] was that (a) he was walking along the public street at 3:00 or 3:30 a.m. in a "high class" residential area with a companion, (b) either he or his companion had a fishing pole and both were proceeding toward "some water" presumably open to the public, and (c) there had been prior residential burglaries committed in the area. This showing, in our view, is patently insufficient to constitute a founded suspicion that *289 the defendant was involved in any kind of criminal activity. Thus the police stop and subsequent frisk of the defendant, revealing the firearm in question, was unreasonable within the meaning of the Fourth Amendment to the U.S. Constitution and Article I, Section 12 of the Florida Constitution, and the said firearm was inadmissible in evidence below. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); Mullins v. State, 366 So.2d 1162 (Fla. 1978), cert. denied, 444 U.S. 883, 100 S.Ct. 173, 62 L.Ed.2d 113 (1979).
It has long been recognized in this state that being out on the public street during late and unusual hours cannot constitute a valid basis to temporarily detain and frisk an individual under the stop and frisk law. See e.g., Mullins v. State, supra; State v. Stevens, 354 So.2d 1244, 1247 (Fla. 4th DCA 1978) and cases collected; Vollmer v. State, 337 So.2d 1024 (Fla. 2d DCA 1976); Riley v. State, 266 So.2d 173 (Fla. 4th DCA 1972). Moreover, this result is not changed by the fact that the area in which the individual is traveling is one which has experienced crimes in the past. Jackson v. State, 319 So.2d 617 (Fla. 1st DCA 1975). This is plainly so because a contrary rule would impose a curfew on any person walking during late and unusual hours in most parts of our large metropolitan centers, which, unfortunately, have been plagued in recent years by various kinds of criminal activity. Even residents in these areas would be precluded from taking walks late at night without being subject to temporary detentions and frisks. Something more, then, is required than simply being out on the street during late and unusual hours in an area where crimes have been committed in the past before the police may properly stop and detain an individual for possible criminal activity.
The state relies on the cases of State v. Hundley, 423 So.2d 548 (Fla. 4th DCA 1982) and Boal v. State, 368 So.2d 71 (Fla. 2d DCA 1979). We believe the Hundley case is distinguishable on the ground that the defendant was not only out on the street at late and unusual hours in an area where there had been home burglaries, but was also carrying a large stereo set. This latter fact, when combined with the other factors in the case, clearly establishes some founded suspicion that the defendant may have had stolen property in his possession. Indeed, this additional factor has proven decisive in cases throughout the country which have sustained similar stop-and-frisks on the street. W. LaFave, 3 Search and Seizure 69-71 (1978) and cases collected. In the instant case, however, there is no evidence that the defendant Levin had merchandise under his arm while on the street; on the contrary, he or his companion had a fishing pole and were proceeding toward "some water" where presumably they could fish.
As for Boal, we see no real basis for distinguishing the case and must respectfully decline to follow it. In Boal, the defendant was stopped because he was on the public street late one night in an area where there had been residential burglaries. We disagree with the case because it, in effect, permits police officers to temporarily stop anybody who is out on the public street during late and unusual hours in most parts of crime-prone metropolitan areas. As we read the case law in this field, that is an insufficient basis for stopping someone under the stop and frisk law  at least in the absence of widespread civil disorders or war. This is as it should be, else we are surely a long way down the road toward creating a police state with enforceable curfews in our large metropolitan centers.
The conviction and sentence under review is reversed and the cause is remanded to the trial court with directions to discharge the defendant.