GREEN, OLIVER L., Jr., Associate Judge.
This is a consolidated appeal from a single jury trial below, upon an information charging burglary (Count I) and loitering and prowling (Count II). Both appellants were found guilty of attempted burglary and loitering and prowling. The appellants do not complain about having been tried together, however, they do contend that the two counts are not related and therefore should have been tried separately pursuant to Rule 3.152, Florida Rules of Criminal Procedure. The appellants also contend that it was error for the arresting officer to testify about a custodial inquiry which infringed on their right to remain silent. We agree and reverse.
The facts are that the appellants were involved in an encounter, during the early evening of February 11, 1983, with a woman who had parked her automobile in the parking lot of a supermarket. As a result of this encounter, the appellants were charged with having burglarized the woman’s automobile. The appellants were observed by a police officer about two hours later at a different location, acting in a suspicious manner. The police officer decided to arrest the appellants for loitering and prowling. The officer detained the men and asked them what they were doing. No Miranda warning was given. Over objection, the officer was permitted to testify at trial that he did not get an answer.
In the first instance, the two incidents are unrelated so that separate trials upon each count should have been granted. The sole connecting factor is that the arrest for loitering and prowling resulted in arrest for burglary. State v. Williams, 453 So.2d 824 (Fla.1984); Paul v. State, 385 So.2d 1371 (Fla.1980); Crum v. State, 398 So.2d 810 (Fla.1981).
The State cites the case of State v. Jones, 454 So.2d 774 (Fla. 3d DCA 1984), for the proposition that an interrogation like that in this case may not be objectionable per Miranda. The factual circumstances in this case are distinguishable to the extent that nothing occurred after the officer made his decision to stop the appellants, including the silence of the appellant, which gave rise to the arrests for loitering and prowling. The interrogation in this case was clearly of a custodial type.
Section 856.021(2), Florida Statutes (1983), requires an officer to “afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting him to identify himself and explain his presence *1190 and conduct, .... ” before an arrest for loitering and prowling can be made. This provision cannot be interpreted to supersede the Fifth Amendment of the United States Constitution. Hardie v. State, 333 So.2d 13 (Fla.1976); Polk v. State, 405 So.2d 758 (Fla. 3d DCA 1981); A.L.B. v. State, 399 So.2d 483 (Fla. 3d DCA 1981); Patmore v. State, 383 So.2d 309 (Fla. 2d DCA 1980). We therefore reverse and remand for separate trials on each count of the information.
REVERSED AND REMANDED.
WALDEN and BARKETT, JJ., concur.