529 So.2d 1160 (1988)
John B. CHAMSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-2862.
District Court of Appeal of Florida, Third District.
June 21, 1988.
Rehearing Denied September 14, 1988.
Bennett H. Brummer, Public Defender, and Robert Burke, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and BASKIN, JJ.
BASKIN, Judge.
After pleading nolo contendere to charges of possession of cocaine and loitering or prowling, and reserving his right to appeal the trial court's denial of his motion to suppress cocaine, defendant Chamson filed this appeal. We reverse.
At approximately 10:00 P.M. on March 20, 1986, Chamson entered the Charles Hotel and walked toward the stairs. The manager of the hotel requested that Chamson leave. At the third request, Chamson complied. Around 11:30 P.M., after learning that Chamson was crouching in an alley next to the hotel, the manager called the police. When the police officer arrived, Chamson told him he was visiting a friend in the hotel, but did not recall either the friend's name or room number. After advising Chamson that he would be placed under arrest for loitering or prowling if he did not identify himself or explain his purpose for being in the area, and receiving no response, the officer arrested Chamson. A search incident to the arrest revealed the cocaine Chamson sought to suppress. Chamson maintained that the officer searched him without a warrant and arrested him without probable cause to believe he was loitering or prowling.
The offense of loitering or prowling, as proscribed by section 856.021, Florida Statutes (1985), has two distinct elements: *1161 (1) the defendant loitered or prowled in a place, at a time, or in a manner not usual for law-abiding individuals; (2) such loitering or prowling took place under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity. State v. Ecker, 311 So.2d 104, 106 (Fla.), cert. denied, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975); D.A. v. State, 471 So.2d 147 (Fla. 3d DCA 1985). Because the offense of loitering or prowling is a misdemeanor, a police officer may arrest without a warrant only if both elements of the crime are committed in the officer's presence. § 901.15(1), Fla. Stat. (1985); see Carter v. State, 516 So.2d 312 (Fla. 3d DCA 1987); T.L.M. v. State, 371 So.2d 688 (Fla. 1st DCA 1979).
At the suppression hearing, the police officer testified that he found Chamson crouching near a dumpster in a public alley. He stated that Chamson's answers did not dispel his concerns for the safety of businesses immediately south of the hotel. These facts, however, do not establish the probable cause necessary to arrest Chamson for loitering or prowling. In this case, the police officer failed to point to "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant a finding that a breach of the peace is imminent or the public safety is threatened." Ecker, 311 So.2d at 109; see Springfield v. State, 481 So.2d 975 (Fla. 4th DCA 1986) (no probable cause to arrest for loitering where officer observed defendant carrying tape recorder on public sidewalk at 10:40 P.M. and where defendant could not explain his presence); White v. State, 458 So.2d 1150 (Fla. 1st DCA 1984) (sleeping defendant cannot threaten safety of persons or property), review denied, 464 So.2d 556 (Fla. 1985); see also B.A.A. v. State, 356 So.2d 304 (Fla. 1978) (approaching cars at intersection does not justify loitering arrest); Patmore v. State, 383 So.2d 309 (Fla. 2d DCA 1980) ("peculiar" behavior upon approach of police fails to satisfy loitering arrest); Boal v. State, 368 So.2d 71 (Fla. 2d DCA 1979) (walking in area late at night where recent robberies had occurred does not justify loitering arrest), disapproved on other grounds sub nom., State v. Levin, 452 So.2d 562 (Fla. 1984). Cf. State v. Jones, 454 So.2d 774 (Fla. 3d DCA 1984) (pushing a shopping cart full of cartons in commercial district in early hours of morning justifies arrest for loitering or prowling); T.J. v. State, 452 So.2d 107 (Fla. 3d DCA 1984) (when juveniles indicate they are selling avocados, but no avocados are in their possession, officer has probable cause to arrest for loitering or prowling); A.L.B. v. State, 399 So.2d 483 (Fla. 3d DCA 1981) (where police see juvenile crouched in rear of private residence, walk away from the home, drop piggy bank filled with coins, officers have well-founded concern for safety of property in the vicinity).
Because we conclude that the arrest was unlawful, we find error in the trial court's denial of Chamson's motion to suppress.
Reversed.