LEVY, Judge.
The defendant appeals the denial of his motion to suppress drug paraphernalia and cocaine seized from his person after he was arrested for loitering and prowling. We reverse finding that there was insufficient probable cause to arrest the defendant for loitering and prowling and, thus, the evidence obtained as a result of the impermissible search must be suppressed.
Michael Addis, the defendant, was observed by a police officer at 2:40 a.m. walking down an alley looking into parked vehicles. The officer was not responding to any call about suspicious persons when he first saw the defendant. Although the defendant never tried any of the car door handles, the officer, believing that the defendant was thinking of breaking into a car, drove into the alley shining his high beam headlights on the defendant. The defendant, who was dressed like a “drifter”, looked back at the police car and started walking in another direction. The officer then stopped the defendant and asked him what he was doing in the alley. The *85 defendant replied that he was walking to a Denny’s restaurant. The officer read the defendant his Miranda rights and asked for identification. The defendant stated that he did not have any identification.
The officer then questioned the defendant as to why he was walking westbound, when the Denny’s restaurant, that he claimed was his destination, was actually located eastbound. This time the defendant stated that he was looking for a friend who lived at a hotel next to where the parked cars were located. However, when asked by the officer what the name of his friend was, the defendant replied that he did not know.
The officer arrested the defendant for loitering and prowling. A search of the defendant’s person revealed drug paraphernalia and cocaine. The defendant was charged with possession of cocaine, possession of drug paraphernalia, and loitering and prowling. His motion to suppress the cocaine and drug paraphernalia, on the basis of an unlawful stop and arrest, was denied. The State nolle-prossed the loitering and prowling charge. The defendant pled nolo contendere on the possession charges expressly reserving the right to appeal the denial of his motion to suppress. He was found guilty of possession of cocaine and sentenced to 2 and ½ years in prison.
To establish a loitering and prowling violation under Section 856.021, Florida Statutes (1987), there must be sufficient proba-, ble cause to believe both that: “(1) the defendant loitered or prowled in a place, at a time, or in a manner not usual for law-abiding individuals; [and] (2) such loitering and prowling were under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.” State v. Ecker, 311 So.2d 104, 106 (Fla.1975), cert. denied; Bell v. Florida, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975); Chamson v. State, 529 So.2d 1160, 1161 (Fla. 3d DCA 1988); D.A. v. State, 471 So.2d 147, 150 (Fla. 3d DCA 1985).
In order to support an arrest under the loitering statute, an officer must be able to articulate specific facts indicating that a breach of the peace is imminent or that the public safety is threatened. State v. Ecker, 311 So.2d at 109; Chamson v. State, 529 So.2d at 1160. The facts articulated in this case do not meet the probable cause requirements of the statute. The defendant was arrested because: (a) he had looked into two parked cars, (b) he had no identification, (c) the officer did not believe that the defendant had a particular destination, and (d) the officer did not consider the defendant’s answers to be' straightforward. This behavior is not criminal and does not support an arrest for loitering and prowling. See Chamson v. State, 529 So.2d at 1160; L.C. v. State, 516 So.2d 95 (Fla. 3d DCA 1987).
Something more than the above is needed before such an arrest can be considered legally justified. Additional facts and circumstances would be needed to tip the balance in favor of upholding the arrest and resulting search. Here, for example, no door handles were tried and no cars were repeatedly circled by the appellant. Therefore, with the arrest being unlawful, it was error for the trial court to deny the defendant’s motion to suppress the evidence gathered therefrom.
Reversed.