617 So.2d 432 (1993)
William FREEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1857.
District Court of Appeal of Florida, Fourth District.
April 28, 1993.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Freeman appeals his judgment, sentence and restitution order for violation of probation. We reverse.
While on probation, the State filed a corrected affidavit of violation of probation based on Freeman's arrest for loitering and prowling. At a hearing on Freeman's alleged probation violation, the arresting officer testified that he had been dispatched *433 at 3:20 a.m. to investigate a complaint about two black men carrying a burlap bag and hanging around parked cars in a residential complex. When the arresting officer arrived, he saw two black men, one of whom was Freeman, jump over a six-foot high wall that surrounded the residential complex and land near a rear parking lot of a fast food restaurant. Both men ran when they saw the officer but stopped when he threatened to turn loose a police dog. Neither man was carrying a burlap bag when the officer approached them. Both men were arrested for loitering and prowling. Shortly thereafter, Freeman's companion told the officer where to find the burlap bag, which contained gloves and a gun.
The offense of loitering and prowling has two elements: (1) the defendant loitered or prowled in a place, at a time, or in a manner not usual for law-abiding citizens; and (2) such loitering and prowling were under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity. Section 856.021, Fla. Stat. (1991). Because the offense of loitering and prowling is a misdemeanor, a police officer may only make a warrantless arrest for this offense if both elements of the crime are committed in his presence. Chamson v. State, 529 So.2d 1160, 1161 (Fla. 3d DCA), rev. denied, 539 So.2d 476 (Fla. 1988). Consequently, only a police officer's own observations may be considered in determining whether probable cause existed to make a warrantless arrest. Springfield v. State, 481 So.2d 975, 977 (Fla. 4th DCA 1986). The officer must be able to point to specific and articulable facts, which, when taken together with rational inferences, reasonably warrant a finding that a breach of the peace is imminent or the public safety is threatened. Id.
Here, the arresting officer merely saw two men jump a high wall and start walking towards the street. He did not see either man carrying anything prior to stopping them. These facts do not support a finding that the officer had probable cause to arrest Freeman for loitering and prowling. See Chamson, 529 So.2d at 1161 (unlawful arrest for loitering where defendant found crouching in an alley next to hotel at 11:30 p.m. and failed to identify himself or explain his purpose for being in the area); D.A. v. State, 471 So.2d 147, 151 (Fla. 3d DCA 1985) (police lacked probable cause to arrest for loitering where defendant, who was standing next to van that was later determined to be stolen, ran from approaching officers); Boal v. State, 368 So.2d 71, 72 (Fla. 2d DCA 1979) (police did not have probable cause to arrest defendant for loitering where defendant was observed at 2:00 a.m. walking in a mixed business and residential area that had recent burglaries). Accordingly, we reverse the judgment, sentence and restitution order for violation of probation and remand to the trial court with instructions to reinstate Freeman's probation.
REVERSED AND REMANDED.
GLICKSTEIN, C.J., GUNTHER, J., and WALDEN, JAMES H., Senior Judge, concur.