SHEVIN, Judge.
Alexei Gonzalez appeals an order revoking probation and imposing sentence. We reverse.
The trial court revoked Gonzalez’s probation finding that he violated a condition of probation by committing the crime of loitering and prowling. The testimony revealed that at approximately 9:30 p.m. an undercover officer observed a car being driven around for several minutes in a commercial area in which all the businesses were closed. The area had a high volume of burglaries. He saw Gonzalez, a passenger, exit the car, and shine a flashlight into the glass door of a business for five to ten seconds. When Gonzalez exited the car, the driver had turned off the car lights. Gonzalez then re-entered the car and they drove around before leaving the area.[1] An.officer stopped the car thirteen blocks from the business and arrested Gonzalez for loitering and prowling. On appeal, Gonzalez argues that the court erred in revoking his probation as the evidence does not show that he committed the crime of loitering and prowling. We agree.
The offense of loitering and prowling requires proof that “1) the defendant loitered or prowled in a place, at a time, or in a manner not usual for law-abiding individuals; and 2) such loitering and prowling were under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.” A.D. v. State, 817 So.2d 1027, 1028 (Fla. 3d DCA 2002)(quoting State v. Ecker, 311 So.2d 104, 106 (Fla.1975)); § 856.021, Fla. Stat. (2002). Assuming that the state es *498 tablished the first element, it failed to prove the second element.
There is insufficient evidence supporting the trial court’s conclusion that Gonzalez committed the offense of loitering and prowling. The evidence shows that Gonzalez shined a flashlight into the glass door of a closed business at 9:30 p.m. for five to ten seconds and then left the area. Shortly thereafter, an officer stopped him thirteen blocks away. These actions do not demonstrate “incipient criminal behavior” amounting to “an imminent breach of the peace or an imminent threat to public safety.” D.A. v. State, 471 So.2d 147, 152 (Fla. 3d DCA 1985)(emphasis added). Gonzalez’s “behavior did not imminently threaten the safety of persons or property,” T.W. v. State, 675 So.2d 1018, 1019 (Fla. 2d DCA 1996), as he departed the area soon after he had looked into the front door of the business. Thus, the facts do not satisfy the “alarm” element of a loitering and prowling offense. See T.W. v. State, 675 So.2d at 1018; Addis v. State, 557 So.2d 84 (Fla. 3d DCA 1990); V.E. v. State, 539 So.2d 1170 (Fla. 3d DCA 1989); L.C. v. State, 516 So.2d 95 (Fla. 3d DCA 1987). See also R.M. v. State, 754 So.2d 849 (Fla. 2d DCA 2000); Jaudon v. State, 749 So.2d 548 (Fla. 2d DCA 2000). Accordingly, the order is reversed and the sentence is vacated. On remand, the court shall reinstate Gonzalez’s probation.
Reversed and remanded.

. There is no evidence that Gonzalez fled the area "upon appearance of a law enforcement officer." § 856.021(2), Fla. Stat. (2002).