PER CURIAM.
Appellant D.G., a juvenile (“D.G.”), appeals his adjudication of delinquency claiming the trial court erred in denying his motion to suppress tangible evidence. We reverse finding D.G. was searched pursuant to an illegal arrest, and thus the drugs found on his person should have been suppressed.
D.G. was charged by petition with possession of cocaine and resisting arrest without violence, after an officer observed him chasing another person down a street late one night. When confronted by the police officer, D.G. told the officer that he was chasing the third person because that person owed D.G. money. The officer did not believe a crime was being committed and did not intend to arrest D.G.
However, when D.G. turned his back on the officer and tried to walk away from her, the officer grabbed D.G.’s shirt and decided to detain him in order to complete her investigation. The officer radioed for back-up and shortly thereafter another officer arrived on the scene.
When the second officer arrived, he observed the first officer trying to handcuff D.G. The two officers then forced D.G.’s hands behind his back and handcuffed him. The second officer discovered a plastic bottle in D.G.’s front pocket which contained a cocaine rock. The second officer testified that he believed D.G. was under arrest and was going to charge D.G. with resisting arrest.
The trial court denied the defendant’s motion to suppress the cocaine and found that the first officer had probable cause to arrest the defendant for resisting arrest without violence. We disagree.
Absent reasonable suspicion of the commission of a crime, a person has an affirmative right to avoid police contact. See Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000); Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). Without a founded suspicion of criminal activity, a police officer does not have the right to detain a person absent that person’s consent. See Slydell v. State, 792 So.2d 667 (Fla. 4th DCA 2001).
Here, the first officer testified she did not believe D.G. had committed a crime when she stopped him. The first officer further testified she did not intend to arrest D.G. at the time he attempted to walk away from her. In the absence of any facts or circumstances supporting a reasonable suspicion D.G. committed a crime, there was no probable cause to arrest D.G., and the drugs found as a result of the illegal arrest should have been suppressed. See Baker v. State, 813 So.2d 1044 (Fla. 4th DCA 2002); Slydell v. State, 792 So.2d at 667; State v. Arnold, 475 So.2d 301 (Fla. 2d DCA 1985). Accordingly, we reverse the trial court order denying D.G.’s motion to suppress.
Reversed.