SCHWARTZ, Chief Judge.
This is an appeal from an adjudication of delinquency based upon findings that the seventeen year-old male respondent, S.P., was guilty of loitering and prowling and resisting the arrest for that offense without violence. We reverse.
I.
Under the decided cases, the behavior which formed the basis of the charge, which consisted of the boy’s being seen by the arresting officer “standing over by [a cemetery] wall, by the bushes, crouched down by the bushes” near several vehicles visiting the cemetery at two o’clock on Christmas Day afternoon,[1] was insufficient to establish the elements of loitering and prowling as required by section 856.021, Florida Statutes (2001). State v. Ecker, 311 So.2d 104 (Fla.1975), cert. denied, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975); Gonzalez v. State, 828 So.2d 496 (Fla. 3d DCA 2002); T.W. v. State, 675 So.2d 1018 (Fla. 2d DCA 1996); L.C. v. State, 516 So.2d 95 (Fla. 3d DCA 1987); D.A. v. State, 471 So.2d 147 (Fla. 3d DCA 1985); L.S. v. State, 449 So.2d 1305 (Fla. 3d DCA 1984). Simply stated, his actions, perhaps even more clearly than in such cases as D.A. and L.S., did not amount either (a) to “aberrant and suspicious criminal conduct which comes close to, but falls short of, the actual commission or attempted commission of a substantive crime,” or (b) “point toward the commission or attempted commission of a crime against a person or a crime against certain property in the vicinity.” D.A., 471 So.2d at 151, 152.
II.
Since the arrest for loitering and prowling was therefore invalid the charge of resisting that arrest likewise cannot stand. D.A. v. State, 636 So.2d 863 (Fla. 3d DCA 1994); Lee v. State, 368 So.2d 395 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 349 (Fla.1979).
For these reasons the adjudications under review are reversed with directions to dismiss the proceeding.
Reversed and remanded with directions.
GODERICH, J., concurs.

. The officer described what the respondent did thereafter:
When I looked over there, he stood up, and he walked across, right across the street. Across 18th Avenue, there’s a 7-11.
* * *
I saw him walk straight across. He started walking around the gas island. He did two big circles around the gas island. This car left. I then went, because of the suspicious activity, I went, and I parked right in front of the 7-11.
[[Image here]]
At that point, when all the cars left, he walked over to — There's a triangle-shaped median that has bushes in it in the center, right in front of the cemetery. He walked over to the bushes, and he crouched down in the bushes as vehicles were coming into the cemetery. He was crouching down in the bushes.