959 So.2d 300 (2007)
Silvio VALDES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1983.
District Court of Appeal of Florida, Third District.
May 9, 2007.
*301 Bennett H. Brummer, Public Defender, Miami, and Gwendolyn Powell Braswell, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, Orlando, and Laura Moszer, Assistant Attorney General, for appellee.
Before FLETCHER, CORTIÑAS and LAGOA, JJ.
PER CURIAM.
Silvio Valdes seeks to reverse his convictions for 1) tampering with evidence and 2) resisting an officer without violence. We affirm.
Valdes was observed at close range by undercover Officer Mersid to exchange money with another person for something in a tiny plastic baggie. The officer notified his undercover partner Officer Gonzalez down the block that Valdes was coming his way and had suspected narcotics in his hand. Officer Gonzalez walked up to Valdes, got his attention and flashed his badge, and grabbed Valdes' hand. Valdes struggled briefly, the officer released him, and Valdes popped the baggie into his mouth. Officer Gonzales tried to pull Valdes' jaw open, saw the baggie in his mouth and several times told him to spit out the "crack rock." When Officer Gonzalez let go, Valdes swallowed the baggie. Valdes was charged with tampering with evidence and resisting an officer without violence.
At trial, the defense did not put on any evidence. After the state rested, the defense moved for a judgment of acquittal on the basis that the state failed to make a prima facie showing of resisting the officer. The trial court denied the motion. Over defense objection, the state offered standard jury instructions for witness testimony taken from involuntary civil proceedings rather than from the criminal *302 proceedings portion of the standard jury instructions. The defense argued that this introduced an element of "reasonableness" for evaluating witness testimony and would mislead the jury as to the state's burden of proof of "clear and convincing" evidence. The trial court overruled the objection and the jury found Valdes guilty as charged. Valdes appeals.
The jury instructions from Section 2.04[1] and 3.9[2] differ in only one respect with regard to weighing testimonial evidence. Section 2.04 merely adds an instruction to use one's common sense in light of all the evidence and one's own experience. The jury instructions are otherwise identical. Valdes asserts that by focusing the jury's attention on the reasonableness of the evidence, this instruction invites the jury to conclude that the states burden of proof can be met merely upon presentation of "reasonable" evidence of guilt. We find that in the context of the entire instruction there is nothing from section 2.04 that could have confused a reasonable juror as to the overarching standard of proof in a criminal case and thus shift the burden of persuasion to the defendant. We find no basis for reversal here.
Valdes next asserts that the state failed to prove that he committed the offense of resisting arrest without violence. To prove the offense of resisting without violence, the state must prove 1) that the officer was engaged in the lawful execution of a legal duty, and 2) that the defendant's action constituted obstruction of or resistance to that lawful duty. See B.D.H. v. State, 903 So.2d 390 (Fla. 3d DCA 2005). Absent consent, a police officer may temporarily detain a person if the officer has a reasonable, well-founded, articulable suspicion that the person has committed, or is about to commit a crime. See State v. Taylor, 826 So.2d 399, 402 (Fla. 3d DCA 2002)(citing Popple v. State, 626 So.2d 185, 186 (Fla.1993)); compare D.G. v. State, 831 So.2d 256, 257 (Fla. 3d DCA 2002)("[a]bsent reasonable suspicion of the commission of a crime, a person has an affirmative right to avoid police contact."). We conclude, as the trial court did, that the initial encounter between Officer Gonzalez and Valdes constituted a valid investigatory stop because Officer Gonzalez had a reasonable suspicion that Valdes had just purchased illicit drugs. See Popple v. State, 626 So.2d 185 (Fla.1993); see also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) (authorizing investigatory stop because officers had reasonable suspicion that defendant was about to commit midday robbery, where officer observed Terry and Chilton repeatedly walk past and peer into a store window, and then confer with a third man, leading the officer to believe the men were planning to rob the store). In consideration of the standard of review for a motion for judgment of acquittal, i.e., whether the evidence and all reasonable inferences taken in the light most favorable to the State are sufficient to support the charge, we conclude that the offense of resisting an officer without violence was legally adequate for the jury's consideration.
Affirmed.
NOTES
[1] Florida Standard Jury Instructions in Criminal Cases, Fourth Edition, Part Four: Special Proceedings, Chapter 32, Involuntary Commitment of Sexually Violent Predators §§ 394.910-394.930, Fla. Stat. (2005).
[2] Florida Standard Jury Instructions in Criminal Cases, Fourth Edition, Part One: General Instructions; Chapter 3  Final Charge to the Jury, 3.9 Weighing the Evidence.