8 So.3d 1155 (2009)
K.H., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-717.
District Court of Appeal of Florida, Third District.
April 8, 2009.
Carlos Martinez, Public Defender, and Billie Jan Goldstein, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Lunar Claire Alvey, Assistant Attorney General, for appellee.
Before COPE, SHEPHERD, and SUAREZ, JJ.
COPE, J.
K.H. appeals an order finding that he committed the offense of battery on a law enforcement officer. We conclude that the evidence was legally insufficient and reverse.
*1156 At about 11:00 P.M., two police officers were conducting drug surveillance in a residential neighborhood. The officers were parked in an unmarked Ford F150 pickup with dark tinted windows. K.H., a fourteen-year-old male, and his friend were walking home when they noticed the pickup parked on the swale with the engine running. K.H. and his friend walked around the pickup, placed their hands on the windows, and looked inside. They did not try the door handles, did not try to break into the vehicle, and did not have anything in their hands.
After a few minutes, one of the officers started to exit the vehicle. K.H. started walking rapidly away on the sidewalk and his friend jumped a nearby fence and ran away. The officer turned the truck around to go after K.H.'s friend but was unable to find him. When the officer spotted K.H. again, who was still walking rapidly, he got out of the truck and yelled for him to stop. K.H. tried to walk around the officer, who was in plain clothes. The officer tried to grab K.H., who pushed the officer in the chest and ran home. The officer chased him, took custody of him on the front porch of K.H.'s house, and arrested him for loitering and prowling in violation of section 856.021, Florida Statutes (2007).[1]
At the adjudicatory hearing, K.H. was found to have committed battery on a law enforcement officer because he pushed the officer.[2] One of the elements of battery on a law enforcement officer is that the officer "is engaged in the lawful performance of his or her duties. ..." § 784.07(2), Fla. Stat. (2007).
K.H. argues that the officer was not engaged in the lawful execution of a legal duty when K.H. allegedly pushed him. The State concedes that the act of looking inside the windows of the pickup, without more, is insufficient to establish the offense of loitering and prowling. See Addis v. State, 557 So.2d 84, 85 (Fla. 3d DCA 1990); Bowser v. State, 937 So.2d 1270, 1271 (Fla. 2d DCA 2006). However, the State argues that the totality of the circumstances gave rise to a reasonable suspicion of criminal activity when the conduct of K.H. and his friend is considered along with the fact that the officer was conducting drug surveillance. The State's argument fails because there is nothing in the record to establish any connection between K.H. and any criminal activity.
We conclude that the evidence was legally insufficient to support a determination that K.H. committed battery on a law enforcement officer. There was neither probable cause, nor a founded suspicion, that K.H. was committing the offense of loitering and prowling. That being so, the officer was not engaged in the lawful performance of his duties when he stopped K.H. See Tillman v. State, 934 So.2d 1263, 1273 (Fla.2006).
However, the evidence is sufficient to find that K.H. committed the necessarily lesser included offense of misdemeanor battery under paragraph 784.03(1)(a)1, Florida Statutes (2007). See State v. Sigler, 967 So.2d 835, 844 (Fla.2007). Accordingly, we remand with instructions for the trial court to reduce the offense to simple battery.
Reversed and remanded.
NOTES
[1] The offense date was July 20, 2007.
[2] The State took no action on the charge of loitering and prowling. At trial the State abandoned count two, resisting an officer with violence.