72 So.3d 328 (2011)
M.M., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D10-1600.
District Court of Appeal of Florida, Fourth District.
October 26, 2011.
*329 Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.
Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.
MAY, C.J.
A juvenile appeals his disposition order, having been found guilty of resisting arrest without violence. He argues the trial court erred in denying his motion for judgment of dismissal because the law enforcement officer was not executing a lawful duty when he ordered the juvenile to stop. We agree and reverse.
Officer # 1 received a dispatch from an anonymous caller regarding a large group of juveniles fighting in the vicinity of 6th Avenue and Commercial Boulevard. The tip did not include a description of the individuals involved. When Officer # 1 arrived, he saw four juveniles, and noticed that one of them, not the defendant, looked "disheveled," as if he had "been in a fight." The juvenile's hair was "messed up." His T-shirt was stretched out and the collar ripped. Those were the only observations that led the officer to conclude that the juvenile had been in a fight.
Officer # 1 asked the four juveniles to speak with him about the "possible fight in the area." Two of them stopped to speak with him, one of them was the juvenile who appeared disheveled. The other twoincluding the defendantproceeded southbound on 6th Avenue, ignoring the request to stop.
A second officer arrived as backup. Officer # 2 saw the four juveniles, but did not see anyone fighting or running away. He observed two of the juveniles speaking to Officer # 1, and two others walking briskly across the street toward him. Officer # 1 then instructed Officer # 2 to stop the two juveniles who walked away.
*330 Officer # 2 approached and instructed the two juveniles to stop, but they kept walking. Officer # 2 then yelled "stop." This time one juvenile stopped, but the defendant continued walking. Officer # 2 once again yelled "stop." This time the defendant turned around and responded: "don't raise your f____ing voice at me." At this point, Officer # 2 testified that the defendant stood in an "aggressive manner... almost like a fighting stance."
Officer # 2 then told the defendant to sit down. According to Officer # 2, the defendant began to sit down, but did not sit down completely. Officer # 2 thought the defendant was going to flee. As the defendant started to get up, he attempted to strike the officer. Officer # 2 then turned and grabbed on to the defendant's shirt. Officer # 2 testified that the defendant again tried to punch him, so he turned, and returned two punches to the defendant's face. The officer struck the defendant twice more, then apprehended and handcuffed him. The State charged the defendant with resisting arrest with violence.
After the State rested, the defense moved for a judgment of dismissal, arguing that Officer # 2 was not engaged in the lawful execution of a legal duty, as required under section 843.01, Florida Statutes (2008), because he lacked reasonable suspicion to stop the juveniles. The trial court denied the motion. Defense counsel renewed the motion for judgment of dismissal at the close of its case; the trial court again denied the motion. The court found the defendant guilty of the lesser included offense of resisting arrest without violence, withheld adjudication, and ordered him to perform "ten hours of community service, attend and complete counseling/anger management, and [abide by] a court-imposed curfew."
We review a trial court's decision on a motion for judgment of dismissal de novo. W.W. v. State, 993 So.2d 1182, 1184 (Fla. 4th DCA 2008).
The defendant argues the court erred in denying his motion for judgment of dismissal because Officer # 2 was not engaged in the lawful execution of a legal duty when he stopped the defendant; specifically, he contends the officer lacked reasonable suspicion that the defendant had engaged or would engage in illegal activity.[1] We agree. Our decision in Fuentes v. State, 24 So.3d 1231 (Fla. 4th DCA 2009), controls.
The State must prove: "(1) the officer was engaged in the lawful execution of a legal duty and (2) the defendant's action constituted obstruction or resistance of that lawful duty" to establish the crime of resisting arrest without violence. W.W., 993 So.2d at 1184. To conduct an investigatory stop, a law enforcement officer must have "`a reasonable suspicion' that a `person has committed, is committing, or is about to commit a crime.'" Fuentes, 24 So.3d at 1234 (quoting Slydell v. State, 792 So.2d 667, 671 (Fla. 4th DCA 2001)).
To determine whether an officer had reasonable suspicion for an investigatory stop, we look at the totality of circumstances. Id. Law enforcement must be able to articulate a well-founded suspicion of criminal activity in light of the officer's training and experience. Popple v. State, 626 So.2d 185, 186 (Fla.1993). "Mere suspicion is not enough." Id.
When an anonymous tip prompts a police investigation, it will justify a stop as *331 long as it can be corroborated. Fuentes, 24 So.3d at 1235. This requires the officers to observe "`unlawful acts, unusual conduct, or suspicious behavior'" when they arrive on scene. See id. (quoting Baptiste v. State, 995 So.2d 285, 296 (Fla. 2008)). Here, that did not occur.
As in Fuentes, two police officers responded to an anonymous tip. The anonymous caller failed to provide a description of any of the juveniles involved. When Officer # 1 arrived on scene, he saw only four juveniles, one of whom looked disheveled. That juvenile stopped to talk to Officer # 1 when requested. The defendant and another juvenile continued walking. Neither of them appeared disheveled, and no one witnessed any unlawful act, unusual conduct, or suspicious behavior. There was simply insufficient corroboration of the anonymous tip to provide reasonable suspicion for Officer # 2 to conduct an investigatory stop of the defendant.
The State argues the arresting officer had reasonable suspicion to stop the defendant because he was in the vicinity where an anonymous caller reported a fight, and he was in the company of another juvenile who appeared disheveled. Neither of these factors, however, provided either officer with reasonable suspicion that the defendant was involved in criminal activity. See, e.g., Levin v. State, 449 So.2d 288, 289 (Fla. 3d DCA 1983) ("being out on the public street during late and unusual hours cannot constitute a valid basis to temporarily detain and frisk an individual.").
Reversed and Remanded for entry of a judgment of dismissal.
STEVENSON and CIKLIN, JJ., concur.
NOTES
[1] The issue of whether the officer was engaged in the lawful execution of a legal duty applies equally to the crime of resisting an officer with violence under the facts of this case. § 843.01, Fla. Stat. (2008); Tillman v. State, 934 So.2d 1263, 1266 (Fla.2006). The defendant however has only argued the issue as to the crime of resisting arrest without violence, of which the trial court found him guilty.