LAGOA, J.
The juvenile, A.L., appeals his finding of guilt on the charge of loitering and prowling following an adjudicatory hearing. Because we find that the State failed to present sufficient evidence of guilt, we reverse.
*1273 I. FACTUAL AND PROCEDURAL BACKGROUND
At the adjudicatory hearing, the State presented the testimony of the two arresting officers. The officers testified that on the evening of December 2, 2010, they were patrolling the south end of Miami Beach because of an increase in the number of burglaries in that area. The officers were in plainclothes. At approximately 7:15 p.m. the officers saw two individuals, one of whom was A.L., between two apartment buildings. The individuals were pulling themselves up in order to look into the windows of the apartment buildings. The officers did not see A.L. trying to open any window. The officers watched the individuals for about five to eight minutes, and then approached the individuals with their firearms and badges exposed.
A.L. concealed himself in a nearby staircase. One of the officers followed him up the staircase. When the officer caught up to A.L., he said, “[L]ook, man, I was just scared, I don’t want to go to jail tonight.” When the officer asked A.L. why he was looking in the windows, A.L. responded that he was looking for a friend. A.L. did not identify the friend or an apartment number for the friend. The officer performed a pat-down search of A.L., which yielded nothing. A.L. was subsequently arrested and charged with loitering and prowling.
During the adjudicatory hearing, A.L. moved for a judgment of dismissal. The motion was denied. At the disposition hearing, the court withheld adjudication, and entered a judicial warning.
II. ANALYSIS
On appeal, A.L. argues that the trial court erred in denying his motion for judgment of dismissal because the State failed to produce sufficient evidence that he committed the offense of loitering and prowling.[1] We agree.
In order for a defendant to be found guilty of loitering and prowling, the State must prove that: (1) the defendant loitered or prowled in a place, at a time, or in a manner not usual for law-abiding individuals, and (2) such loitering and prowling were under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity. See § 856.021(1), Fla. Stat. (2010); State v. Ecker, 311 So.2d 104, 110 (Fla.1975). In Ecker, the Supreme Court stated that in order to justify an arrest for loitering and prowling, “ ‘the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant’ a finding that a breach of the peace is imminent or the public safety is threatened.” 311 So.2d at 109 (quoting Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)); see also Addis v. State, 557 So.2d 84, 85 (Fla. 3d DCA 1990).
We find that there is insufficient evidence to support the trial court’s conclusion that A.L. committed the offense of loitering and prowling. It is not unusual for a person to be in a public alleyway, *1274 between two apartment buildings, in the early evening hours on Miami Beach. And although A.L. and his companion were seen looking into apartment windows, A.L. did not possess any tools, and the police officers did not observe him trying to pry open any of the windows. Looking through windows, at this time of day and in this location, without more, is not sufficient to establish that A.L. loitered at a time, in a place, or in a manner unusual for law-abiding individuals. See K.H. v. State, 8 So.3d 1155 (Fla. 3d DCA 2009) (concluding evidence insufficient to establish loitering and prowling when, at 11:00 p.m., juvenile and his companion were looking into the windows of a parked pickup truck in a high crime area, but did not try the door handles, did not try to break into the truck, and did not have anything in their hands); Addis, 557 So.2d at 84 (noting that looking into the windows of parked vehicles at 2:40 a.m., where no door handles were tried and no vehicles were repeatedly circled, cannot be considered criminal activity).
Additionally, in this case the officers were unable to point to specific facts which indicated that a breach of the peace was imminent or that the public safety was threatened. As stated above, A.L. possessed no tools, and was not seen trying to open or break any window. A.L. was in a public alleyway, in the early evening hours. These facts do not support a conclusion that A.L.’s behavior posed an immediate threat to the public safety or property. See Gonzalez v. State, 828 So.2d 496 (Fla. 3d DCA 2002) (reversing a conviction for loitering and prowling because the defendant’s actions did not demonstrate incipient criminal behavior amounting to an imminent breach of the peace or an imminent threat to public safety).
Indeed, once A.L. recognized the police officer, he complied fully with the officer’s requests and answered his questions. The fact that the officer did not believe A.L.’s explanation that he was looking for a friend is not sufficient, on its own, to justify the officer’s alarm or immediate concern for the public safety. See Addis, 557 So.2d at 85; Chamson v. State, 529 So.2d 1160, 1161 (Fla. 3d DCA 1988). See generally Ecker, 311 So.2d at 110 (explaining that failure to explain presence is not an element of the crime but rather a defense; holding that requiring defendant to “explain his presence and conduct” is constitutionally prohibited).
III. CONCLUSION
Because neither element necessary to establish a crime under section 856.021(1), Florida Statutes, was satisfied, we conclude that A.L.’s actions in the instant case do not amount to evidence sufficient to sustain his conviction for loitering and prowling. Accordingly, we reverse the trial court’s finding of guilt, and the case is remanded with directions to discharge A.L.
Reversed and remanded.

. "The standard of review that applies to a motion for judgment of dismissal in a juvenile case is the same standard that applies to a motion for judgment of acquittal in a criminal case.” A.P.R. v. State, 894 So.2d 282, 284 (Fla. 5th DCA 2005). Thus, a de novo standard applies. Id. at 285. “While the evidence must be viewed in the light most favorable to the State, if the State fails to present sufficient evidence to establish a prima facie case of the crime charged, then a judgment of dismissal is proper.” P.N. v. State, 976 So.2d 90, 91 (Fla. 3d DCA 2008).