KLINGENSMITH, J.,
concurring in part and dissenting in part.
While I concur with the majority’s decision to affirm R.R.’s adjudication for resisting an officer without violence, I write to express my dissent from the portion of the opinion stating that there was no reasonable suspicion of criminal activity that would have justified an investigatory stop by the officer for loitering and prowling. Under the facts, I believe there would have been a sufficient basis for the officer to detain R.R. based on his observation of R.R.’s actions and the totality of the circumstances prior to ordering him to stop.
There are two elements to a loitering and prowling charge: (1) that the defendant loitered or prowled “in a place, at a time or in a manner not usual for law-abiding individuals” and (2) such loitering took place under “circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.” § 856.021(1), Fla. Stat. (2012). See also C.H.S. v. State, 795 So.2d 1087, 1090 (Fla. 2d DCA 2001); Jaudon v. State, 749 So.2d 548, 549 (Fla. 2d DCA 2000). Alarm is presumed under the statute if the defendant flees, conceals himself or any object, or refuses to identify himself when law enforcement appears. See C.H.S., 795 So.2d at 1090.
“Whether the inference drawn by police was objectively reasonable involves the application of logic and judicial experience and is reviewable de novo.” Wallace v. State, 8 So.3d 492, 494 (Fla. 5th DCA 2009). “[T]he determination of reasonable suspicion must be based on commonsense judgments and inferences about human behavior.” Illinois v. Wardlow, 528 U.S. 119, 125, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). If the totality of circumstances is ambiguous, involving conduct that can be interpreted as lawful or as criminal activity, police may detain an individual to resolve the ambiguity. Rhoden v. State, 941 So.2d 5, 9 (Fla. 2d DCA 2006) (citing Wardlow, 528 U.S. at 125, 120 S.Ct. 673).
In support of its decision, the majority relies in part on several cases, including Addis v. State, 557 So.2d 84 (Fla. 3d DCA 1990). I do not find the facts as presented in those cases to be controlling here. In Addis, the defendant was observed by a police officer at 2:40 a.m. walking down an alley looking into parked vehicles. Id. The officer was not responding to any call about suspicious persons when he first saw the defendant. Although the defendant never tried any of the car door handles, the officer, believing that Addis was thinking of breaking into a ear, drove into the alley shining his high beam headlights on him. The defendant, who was dressed like a “drifter,” looked back at the police car and started walking in another direction. The officer then stopped him and asked what he was doing in the alley. The defendant did not have identification and did not give the officer straightforward answers regarding his purpose in the alley. Id. at 85. When he could not allay the officer’s suspicions and could not answer questions posed to him, defendant was arrested for loitering and prowling. A search incident to his arrest revealed drug paraphernalia and cocaine in defendant’s possession.
There, the Third District found that the facts articulated did not meet the probable cause requirements of the statute where the defendant was arrested because: (a) the defendant “had looked into two parked cars,” (b) “had no identification, (c) the officer did not believe that the defendant had a particular destination, and (d) the *541 officer did not consider the defendant’s answers to be straightforward.” Id. As such, the Third District ruled that this behavior was not criminal and did not support an arrest for loitering and prowling. In so holding, the court stated:
Something more than the above is needed before such an arrest can be considered legally justified. Additional facts and circumstances would be needed to tip the balance in favor of upholding the arrest and resulting search. Here, for example, no door handles were tried and no cars were repeatedly circled by the appellant. Therefore, with the arrest being unlawful, it was error for the trial court to deny the defendant’s motion to suppress the evidence gathered therefrom.
Id. (emphasis added).
Various facts in combination with others may lead an officer to have reasonable suspicion. The reasonable suspicion standard requires courts to examine the totality of circumstances, or “whole picture,” to determine whether the detaining officers had a “particularized and objective basis” for suspecting the person stopped of criminal activity. Price v. State, 120 So.3d 198, 200 (Fla. 5th DCA 2013). Factors commonly considered among the totality of circumstances in determining reasonable suspicion are “the time and day, the location, the physical appearance of the suspect, the suspect’s behavior, the appearance and manner of ... [movement], and anything incongruous or unusual in the situation as interpreted in the light of the officer’s knowledge.” Id. at 202 (quoting State v. K.N., 66 So.3d 380 (Fla. 5th DCA 2011)).
In this case, the arresting officer was on “Grinch patrol” in Miami in order to deter crime around the holidays. While on patrol on December 29, 2011, the officer observed R.R. and another male juvenile in an area of parked cars by a fast food restaurant and a shoe store. R.R. was seen walking around the vehicles and looking inside of them. Believing that the juveniles were going to commit or attempt a burglary on one of the vehicles, the officer turned on his lights, exited his vehicle, made eye contact, and identified himself by stating “Police, I need you guys to come over here.” R.R. then took flight but was soon apprehended.
The majority overlooks the fact that R.R. was seen repeatedly circling more than one vehicle while also looking into the cars through their windows — a critical fact cited by the Addis court as missing from their factual scenario. Addis, 557 So.2d at 85. Coupled with the additional fact that these vehicles were parked in a commercial area at a time of year when police (and criminals) know that cars are more likely to contain holiday shopping merchandise (hence the activity’s nickname the “Grinch patrol”), R.R.’s actions were sufficient to raise alarm with the officer and justify an investigation.
"While I would agree that the “mere act” of looking into windows, without more, has been established by case law to be insufficient to raise reasonable suspicion, I believe under the specific circumstances of this case there were sufficient additional facts to satisfy the requirements for a valid investigatory stop relating to a possible loitering and prowling charge.